THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* R. EUGENE PINCHAM, Contemnor-Appellant.

(No. 55750; )

First District—December 21, 1971.

*Rehearing denied January 17, 1972.*

R. Eugene Pincham and Charles B. Evins, both of Chicago, for Contemnor-Appellant.

William J. Scott, Attorney General, and Edward V. Hanrahan, State's Attorney, both of Chicago, (Robert A. Novelle, and James S. Veldman, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

R. Eugene Pincham, an attorney, was found guilty of contempt of court and fined one hundred dollars. On appeal he raises two grounds of error: (1) that the contempt finding was based on erroneous factual and legal premises, and (2) that he was denied due process of law, assistance of counsel, the right to be advised of the charges against him and an opportunity to be heard. The facts follow.

On May 1, 1969, contemnor-appellant filed a post-conviction petition in the Circuit Court of Cook County on behalf of his clients Frank Luzi and Dante Zorzi, alleging that the trial court erroneously accepted their waiver of a right to a jury trial. The State filed a motion to dismiss the petition and on June 23, 1969, a hearing was had on the State's motion. The court denied the motion and gave the State leave to answer. At the hearing the contemnor-appellant asked the court whether the two defendants could be brought back from the State Penitentiary. The court denied the request, but stated that the defendants should be present at the hearing on the merits of their petition and that they would be ordered brought back when the date for hearing was set. At the conclusion of that hearing the case was sent to Judge Power for trial.

The case first came before Judge Power on September 16, 1969, but was continued because of the absence of the contemnor-appellant. He then sought and was granted a further continuance because he was engaged in trial elsewhere and the case next came on to be heard on November 13, 1969. At that hearing the court directed that defendants' original trial counsel, John Cogan, should be in court to testify and the case was again continued. At the next scheduled hearing the contemnor-appellant was granted another continuance. On the next hearing date, December 4, 1969, Cogan did not appear and the case was continued to December 11th. On the 11th Cogan again failed to appear and the court ordered Pincham to have a subpoena issue for him. During the proceedings on December 11th when the judge discussed the matter of getting Cogan into court, Pincham asked the court to have the defendants brought up from the State Penitentiary if the court granted a hearing. The judge stated that he wanted Cogan in court to contradict the defendants' statements.

At the next scheduled hearing date the contemnor-appellant failed to appear and the case was continued to January 13, 1970. Again Pincham was not present and the judge stated that an order to show cause why he should not be held in contempt of court should issue against him and that he be required to appear and answer. Later that day, however, Pincham did appear in court, was granted another continuance and the rule to show cause did not issue. Again the court asked Pincham to insure the presence of Cogan at the next hearing.

At the next scheduled hearing on January 27, 1970, the contemnor-appellant again failed to appear and the court ordered that a rule to show cause why he should not be found in contempt of court should issue against him and that the hearing on the rule would be held on February 3rd. Pincham was present in court on February 3rd and in response to the rule to show cause why he should not be found in con-

tempt, offered his apology to the court and stated that he had been busy in another courtroom on the day the rule issued. The court replied that Pincham was being unfair and somewhat disrespectful in failing to appear without letting the court know that he was engaged and when he would be available so no one would be inconvenienced. Argument began on the defendants' petition. The following colloquy took place:

"Mr. Pincham: * * * we feel that if the court is going to hear evidence, the petitioners should be brought before the bar to offer whatever evidence they can in support of their allegations.

The Court: You have never raised this issue. This has been pending for sometime. You are going to be fined one hundred dollars for contempt * * *.

Mr. Robbins (Assistant State's Attorney): Judge, I'd like to respond. This is not a true statement.

Mr. Pincham: Judge,—

The Court: You have been raising various issues. I brought everybody in here today to have this hearing. You never indicated that you wanted these people back here * * *. Now this is most dilatory * * *. But you are going to be fined one hundred dollars for being in contempt and for exercising such dilatory tactics.

Mr. Pincham: Judge, from the very beginning—and I'll go back and get the transcript—we have taken this position.

The Court: No, you haven't. This is the first time that you ever mentioned that you wanted these people back * * *."

We proceed to a consideration of contemnor-appellant's first contention —that the finding of contempt was based on erroneous factual and legal premises.

■■ Contempt of court is committed by an attorney when he indulges in conduct calculated to, or which has the effect of, hindering the court in its business. (*People v. Horwarth*, 415 Ill. 499, 114 N.E.2d 785.) When engaged in litigation an attorney owes a duty to the court to appear before it on notice and to assist the court in the expeditious consideration and disposal of cases. *People v. Buster*, 77 Ill.App.2d 224, 222 N.E.2d 31.

■■ In the instant case the court could have found the contemnor-appellant in contempt of court for the many delays caused by his failure to appear. The court refrained from entering a contempt order against him until February 3, 1970, however, when the contemnor-appellant renewed his request to have the defendants present at the hearing on their petition. The record shows that the request to have the defendants brought into court for the hearing was the basis for the entry of the contempt order.

■■ When the proceedings on the rule to show cause why Pincham should not be found in contempt were ended, argument began on the post-conviction petition filed by him on behalf of his clients. He was found in contempt of court during the course of that argument and not during the answer to the rule to show cause. It appears that the judge based his finding of contempt on the contemnor-appellant's request to bring the defendants into court, not on the previous delays requested or necessitated by the contemnor-appellant. In finding him in contempt, the judge commented that the appellant was for the first time making a request to bring defendants into court, that the request was most dilatory and that the contemnor-appellant was being fined for exercising such dilatory tactics. It appears, however, that the court was not correct in its statement that the contemnor-appellant was then making the request for the first time nor in its statements concerning the reason for finding him in contempt of court. The record shows that the request to have defendants brought into court was not a new delaying tactic, but rather a request that the contemnor-appellant had made twice before—on June 23, 1969, and again on December 11, 1969. Since the finding of contempt was based on the erroneous factual assumption that the contemnor-appellant was for the first time asking the court to bring defendants into court, the conviction must be reversed. So holding, it is not necessary for us to consider contemnor-appellant's contention that he was denied due process of law.

■■■ We must take notice, however, of the numerous delays caused by the contemnor-appellant and the fact that on a number of occasions he completely failed to appear in court when the case was on the call. He is an able lawyer and undoubtedly has a large practice. He must keep in mind, however, that he is an officer of the court and has a duty to help prevent delays in the judicial system. When a lawyer has more business than he can handle, he should put on additional legal help or let some of his business go to lawyers who have the time to handle it. *Gray v. Gray*, 6 Ill.App.2d 571, 578, 128 N.E.2d 602, 605.

Judgment reversed.

STAMOS and DRUCKER, JJ., concur.