THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KATHLEEN DAVIS, Defendant-Appellant.

Second District No. 2—86—0853

Opinion filed May 29, 1987.

Raymond P. Cisco, of Cisco & Organ, of Chicago, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE NASH delivered the opinion of the court:

After a hearing defendant, Kathleen Davis, was held in criminal contempt of court for making a false statement under oath and sentenced to seven days in the Du Page County jail. She appeals, contending that she did not intend to interfere with the administration of justice and that the trial court abused its discretion by sentencing her to imprisonment.

On March 24, 1984, defendant was charged with driving under the influence of alcohol (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a)(2)) and was subsequently placed on court supervision probation for one year. In June 1985, the court ordered supervision continued until defendant completed a Du Page County forensic services program, which had been a condition of her supervision. On April 15, 1986, defendant appeared before the trial court with her attorney's partner and presented a petition to terminate supervision. Defendant testified under oath that she had completed the forensic services pro-

gram, that she had complied with all the terms and conditions of the program and that she had not been arrested, charged with, convicted of, or placed on supervision for any drug or alcohol-related offense or traffic offense since July 1985. Based on this testimony, the trial court terminated defendant's term of supervision.

The State subsequently filed a motion to vacate the order terminating defendant's supervision alleging that defendant had misrepresented to the trial court that she had not been arrested for any traffic offense. At a hearing of the motion, defendant's counsel conceded that she had been arrested for driving under the influence in October 1985 and argued that the State must have known about the arrest at the time of defendant's statement. Counsel also noted that his partner, who had represented defendant at the April 15, 1986, hearing, had been unaware of defendant's arrest and suggested that his client must have misunderstood the question. The assistant State's Attorney responded that defendant's file would not have shown that she was charged with a subsequent offense of driving under the influence. The trial court granted the State's motion to vacate the order terminating supervision and set a hearing date for defendant to show cause why she should not be held in contempt of court for perjury.

At the show-cause hearing defendant's counsel stated that defendant was raising two children by herself without the aid of child support and was under extreme financial pressure, that she had an alcohol problem, and that she suffered from cervical cancer and was on medication. Counsel argued that these problems caused defendant to function without a clear mind. Defendant testified that she had been aware of her second arrest for driving under the influence on April 15, 1986, but thought that the judge was asking her if she had been convicted of a subsequent traffic offense at the termination hearing. The trial court found that defendant had committed a direct contempt of court by the misstatement and sentenced her to seven days in the county jail.

 ■ Defendant first contends the trial court erred in finding that she had a wilful and malevolent intent to interfere with the administration of justice. In order to find a contempt for perjury, the court must determine that: (1) the representations were false when made; (2) the defendant knew of their falsity when he made them; and (3) he made them with the wilful and malevolent intent of assailing the dignity of the court or interfering with its procedure and the due administration of justice. (*People v. Page* (1979), 73 Ill. App. 3d 796, 800, 392 N.E.2d 411; *People v. Bialek* (1961), 31 Ill. App. 2d 281, 284, 175 N.E.2d 278.) Contempt of court has generally been defined as

conduct calculated to embarrass, hinder or obstruct a court in its administration of justice or to derogate from its authority or dignity or to bring the administration of law into disrepute. (*Weglarz v. Bruck* (1984), 128 Ill. App. 3d 1, 7, 470 N.E.2d 21, *appeal denied* (1985), 101 Ill. 2d 593; *People v. Edwards* (1979), 69 Ill. App. 3d 626, 628, 387 N.E.2d 969.) A determination of contempt will not be disturbed unless there has been an abuse of discretion. *In re Estate of Maslowe* (1985), 133 Ill. App. 3d 1043, 1046, 479 N.E.2d 1180; *Allen v. Duffie* (1984), 127 Ill. App. 3d 820, 822, 469 N.E.2d 702.

■ Defendant admits that she knowingly made a false representation to the court, but argues that she misunderstand the question because she was under stress at the time. However, the question put to the defendant was straightforward and not misleading, and, under such circumstances, a contemptuous state of mind may be inferred. (*People v. Page* (1979), 73 Ill. App. 3d 796, 800, 392 N.E.2d 411.) The trial court could well infer such a state of mind under the circumstances here and did not abuse its discretion in finding that defendant made the false representation as to her conduct while under supervision with the intent to hinder or obstruct the court in its administration of justice in order to be released from supervision.

■ Defendant also contends that the trial court erred in sentencing her to the county jail, citing *People v. Reeves* (1974), 23 Ill. App. 3d 579, 319 N.E.2d 567, *appeal denied* (1975), 58 Ill. 2d 595. In that case, the appellate court held that a sentence of incarceration was inappropriate upon a finding of contempt because the emotional nature of the case had prompted the accused to poke the assistant State's Attorney on the cheek. That court noted that the contempt arose in a proceeding for the removal of two foster children from the contemnor's care and that she had been seen weeping in the corridor before the contemptuous act occurred. (23 Ill. App. 3d 579, 583.) The proceedings in the present case, however, merely concerned a petition to terminate supervision and the record does not suggest that defendant was unduly distressed during the hearing in which she misled the trial court to her advantage. We find that *Reeves* is inapposite and that the court did not abuse its discretion in sentencing defendant to seven days in the county jail.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

HOPF and WOODWARD, JJ., concur.