THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JACK T. BAKER, Defendant-Appellee.

Fifth District   No. 5—93—0405

Opinion filed July 12, 1995.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Arleen C. Anderson and Karen Alice Kloppe, Assistant Attorneys General, of counsel), for the People.

Daniel M. Kirwan and Janet Gandy Fowler, both of State Appellate Defender's Office, of Mount Vernon, for appellee.

JUSTICE RARICK delivered the opinion of the court:

The State appeals from the grant of defendant's motion to dismiss for failure to bring him to trial within 160 days from his demand for a speedy trial.

On October 13, 1989, defendant Jack T. Baker was indicted for violations of the Illinois Securities Act of 1953 (Ill. Rev. Stat. 1989, ch. 121½, par. 137.12(f)) and theft over $300 (Ill. Rev. Stat. 1989, ch. 38, par. 16—1(a)(2)). It appears that defendant, who was a resident of New York State, may have passively resisted extradition.

On January 17, 1990, defense counsel filed his appearance and filed a demand for speedy trial, despite the fact that defendant had not yet been arrested. On January 19, 1990, a warrant issued for his arrest, defendant was arrested, and he was formally arraigned. He

made bond and was allowed to return to his home in New York State, and trial was set for April 16, 1990.

On March 14, 1990, defendant's attorney moved to withdraw from representing defendant because of conflicts involving payment for his services. This motion was granted on March 30, 1990. The court appointed new counsel for defendant on May 14, 1990, but on May 18, 1990, she sought leave to withdraw, based upon a conflict of interest which stemmed from her purchase of stock in the allegedly fraudulent investment project for which defendant was being prosecuted. Leave was granted, and the court again appointed new counsel on June 15, 1990. On July 13, 1990, counsel entered his appearance.

On October 18, 1990, defendant filed a motion to dismiss for failure to provide a speedy trial as demanded by defendant's original counsel on January 17, 1990. The motion was denied on February 10, 1992. The court found the January 17, 1990, speedy trial demand was a nullity due to prematurity, in that counsel submitted the demand prior to defendant's arrest.

On March 5, 1992, defendant filed a new demand for speedy trial. On April 27, 1992, the case was set for a May 6, 1992, pretrial conference and trial on July 8, 1992. The record is devoid of the reasons therefor, but on May 28, 1992, the case was reset for trial on August 3, 1992.

On July 10, 1992, defendant moved to continue the trial "to a later date." The motion was granted on July 14, 1992. On November 10, 1992, the State filed a motion to set a court date, and on December 8, 1992, a pretrial conference was set for January 25, 1993.

On January 24, 1993, the case was called. The docket notes indicate that a jury trial was to be set and a status hearing was scheduled for March 1, 1993.

On February 10, 1993, defendant filed a motion to waive his appearance at the March 1, 1993, status hearing. The court granted defendant's motion on February 26, 1993, and the status hearing was moved to March 15, 1993. On that date the case was set for jury trial on June 7, 1993.

Defendant filed a motion to dismiss on March 18, 1993, and on March 26, 1993, the State moved for a trial setting on or before April 16, 1993. Three days later, notice of an April 12, 1993, trial date was filed. On April 8, 1993, defendant moved for a continuance of the April 12, 1993, trial setting, stating that "counsel for [d]efendant needs additional time in which to prepare for trial." The continuance was granted, and the case was continued to June 7, 1993.

On May 20, 1993, a hearing was conducted on defendant's motion to dismiss. No report of proceedings is available, but the order entered

set forth the various time spans of delays attributable to the parties and found that the 160 days in which the State had to bring defendant to trial expired on or about September 5, 1992.

Criminal defendants are guaranteed the right to a speedy trial by both the Federal and the State Constitutions. (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8; see *Klopfer v. North Carolina* (1967), 386 U.S. 213, 18 L. Ed. 2d 1, 87 S. Ct. 988.) Section 103—5(b) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/103—5(b) (West 1992)) governs the periods of time within which an accused must be brought to trial. The rights established by the constitutional and statutory provisions are similar, but not necessarily coextensive. *People v. Garrett* (1990), 136 Ill. 2d 318, 323, 555 N.E.2d 353, 356.

Section 103—5(b) of the Code provides:

"Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant ***." 725 ILCS 5/103—5(b) (West 1992).

A defendant who has posted bond or been released on his own recognizance must make a demand for a speedy trial in order to start the 160-day period in which trial must commence. (*People v. Lock* (1994), 266 Ill. App. 3d 185, 189, 640 N.E.2d 334, 338.) Defendant's first demand for a speedy trial was correctly found to be a nullity because it was made when defendant had not been arrested or held in custody, much less arraigned and released on bond. (See *Garrett*, 136 Ill. 2d at 329-30, 555 N.E.2d at 359 (language of 160-day speedy trial provision contemplates that demand will be made by a defendant who is on bail or recognizance at time; earlier demand is premature).) A demand for a speedy trial must be clear and unequivocal. It must be set forth in the title or heading of any pleading containing the demand, it must state that the defendant "demands a speedy trial," a phrase which the courts recognize as a term of art, and the body of the pleading must make explicit reference to the speedy trial statute in order for the demand to qualify as clear and unequivocal. *(People v. Ground* (1994), 257 Ill. App. 3d 956, 959, 629 N.E.2d 783, 785-86, citing *People v. Holm* (1989), 188 Ill. App. 3d 908, 985, 544 N.E.2d 1237, 1242-43.) The *Ground* court held that "a defendant's demand for speedy trial is 'clear and unequivocal' *only* when the foregoing requirements are met." (Emphasis in original.) (*Ground*, 257 Ill. App. 3d at 960, 629 N.E.2d at 785-86. Accord *People v. Erickson* (1994), 266 Ill. App. 3d 273, 277, 639 N.E.2d 979, 982.) Defendant's second demand for a speedy trial set forth the words "speedy trial demand" in the heading, as well as in the body of the pleading, but failed to make explicit reference to the speedy trial

statute. Under the *Ground* decision, defendant's March 5, 1992, demand, which did not refer to the statute, was insufficient to constitute a clear and unequivocal demand for a speedy trial. We find that no cognizable demand for a speedy trial was made by defendant, and thus the date set for trial, June 7, 1993, posed no speedy trial problem for the State.

Even if defendant's March 5, 1992, demand had been sufficient under *Ground*, he would not prevail. Defendant moved for a continuance on July 10, 1992. The motion stated that "[d]efendant has advised counsel that he needs additional time in which to prepare for trial," and the motion sought a continuance "to a later date." The State argues that the motion to continue was in essence a request for an indefinite continuance. It maintains that because defendant did not request a continuance to a day certain, all of the time between his July 10, 1992, request for continuance and the next trial setting of April 12, 1993, is attributable to defendant and should not be computed in the 160 days in which the State was required to bring him to trial. We agree.

All continuances should be to a date certain in order to facilitate efficient administration of the court system. As the supreme court observed in *People v. Siglar* (1971), 49 Ill. 2d 491, 497, 274 N.E.2d, 65, 68:

> "It is in the interest of the defendant, the People and the Court, that all continuances be made to a day certain. *Indefinite continuances are an anathema to the law.*" (Emphasis added.) (*Siglar,* 49 Ill. 2d at 497, 274 N.E.2d at 68, citing *People v. Williams* (1949), 403 Ill. 429, 432, 86 N.E.2d 355, 356.)

Defendant's motion merely requested a continuance in order that defendant be able to prepare for trial, without setting a date on which he would be prepared to defend himself. Where a defendant expressly agrees to or acquiesces in a continuance, the period of that continuance constitutes delay attributable to the defendant for purposes of determining whether or not a defendant was denied the right to a speedy trial. (*People v. Smith* (1993), 251 Ill. App. 3d 839, 842, 623 N.E.2d 857, 860.) All the more reason exists to attribute to defendant delays created, as in the instant case, by his own request for a continuance without a statement as to when he foresees that the continuance will terminate.

Furthermore, where a defendant has made an open-ended request for a continuance, the delay will not terminate and the speedy trial period will not begin to run again until the defendant appears, ready for trial. (*People v. Cornwell* (1973), 9 Ill. App. 3d 799, 801, 293 N.E.2d 139, 141.) Defendant never appeared after his sole appearance in the

circuit court at the time of arraignment. Defendant's February 10, 1993, motion to waive his appearance was limited to his appearance at the March 1, 1993, status hearing. After the motion was granted, he failed to appear for the status hearing rescheduled for March 15, 1993. While his motion for dismissal was pending, on April 8, 1993, he filed a motion to continue the trial setting from April 12, 1993, to a date certain, June 7, 1993, because "counsel for [d]efendant needs additional time in which to prepare for trial." Even after all of the time which had elapsed, defendant was not ready to terminate the continuance granted to him in July of 1992 by appearing ready for trial in Illinois. We find that the continuance granted pursuant to defendant's motion tolled the running of the 160-day period within which the State had to bring defendant to trial. The period was tolled from the date on which the defendant's motion was filed, July 10, 1992, until the next date set for trial, April 12, 1993. The next continuance, granted pursuant to defendant's April 8, 1993, motion, tolled the period until the next date set for trial, June 7, 1993. Thus, the speedy trial period ran only from March 5, 1992, to July 10, 1992, only 127 days into the 160 days allowed the State to bring defendant to trial even if the speedy trial demand of March 5, 1992, had been sufficient to comport with the requirements of the statute.

We are cognizant that it is the responsibility of the State to bring a defendant to trial and that the defendant has no duty to bring the passing of time to the attention of the State or the court. (*People v. Schmidt* (1992), 233 Ill. App. 3d 512, 516, 599 N.E.2d 201, 205.) Where there is no fraud or subterfuge on the part of a defendant, it is the duty of the State to bring defendant to trial within the appropriate term. (*People v. Buckley* (1987), 164 Ill. App. 3d 407, 412, 517 N.E.2d 1114, 1117.) The purpose of the speedy trial rule is to guarantee the expeditious disposition of criminal matters, not, as the court in *People v. George* (1979), 71 Ill. App. 3d 932, 934, 390 N.E.2d 586, 587, observed, "to open a new procedural loophole which defense counsel could unconscionably use to obstruct the ends of justice." Our supreme court observed that " '[i]f a guilty defendant is permitted to speculate upon the chance that the administrative problems of a busy court may delay his case beyond the fixed period, the fundamental right to a speedy trial is depreciated to the status of a tactical move in a procedural game.' " *Buckley,* 164 Ill. App. 3d at 414, 517 N.E.2d at 1119, quoting *People v. De Cola* (1959), 15 Ill. 2d 527, 531, 155 N.E.2d 622, 624.

The order of the circuit court dismissing the prosecution against

defendant for violation of the speedy trial statute is reversed, and this cause is remanded for further proceedings.

Reversed and remanded.

LEWIS and HOPKINS, JJ., concur.