THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DAVID LEUZE, Defendant-Appellant.

Second District No. 2—95—0330

Opinion filed July 9, 1996.

G. Joseph Weller, Steven E. Wiltgen, and Paul Alexander Rogers, all of
State Appellate Defender's Office, of Elgin, for appellant.

Anthony M. Peccarelli, State's Attorney, of Wheaton (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate
Prosecutor's Office, of counsel), for the People.

JUSTICE GEIGER delivered the opinion of the court:
The defendant, David Leuze, appeals the trial court's order clas-

sifying his offense (driving while license revoked (625 ILCS 5/6—303 (West 1992))) as a felony. The issue on appeal is whether the defendant was denied the effective assistance of counsel at trial because the defendant's attorney informed the court that, if the trial court proceeded to sentence the defendant, the State could not appeal the trial court's decision to treat the offense as a misdemeanor. We affirm.

On July 15, 1994, the defendant was charged with driving while license revoked (DWLR) (625 ILCS 5/6—303 (West 1992)). The indictment alleged that the defendant had a prior conviction of DWLR and that his license had been revoked because of a conviction of driving under the influence of alcohol (DUI) (625 ILCS 5/11—501(a) (West 1992)). Based on the prior convictions, the State requested that the charge be enhanced from a misdemeanor to a felony. However, the defendant argued that the prior conviction could not be used to enhance the present charge to a felony.

On February 6, 1995, the defendant made both oral and written jury waivers. On February 21, 1995, the case proceeded as a stipulated bench trial. The trial court advised the defendant of the potential penalties for the offense both as a felony and as a misdemeanor.

The State recited the facts supporting the charge. On December 28, 1993, the defendant was stopped for a traffic violation on Army Trail Road in Bloomingdale. When the officer making the stop determined that the defendant's license had been revoked, he issued a ticket charging the defendant with DWLR. The State submitted certified documents showing that the defendant had been convicted of DUI in November 1991 and that his license had been revoked in December 1991 because of that DUI. The State also submitted a certified copy of the defendant's December 10, 1993, conviction of DWLR.

The defendant stipulated that the State's witnesses would establish those facts. The defendant's attorney stipulated that the defendant had been represented by counsel in the prior DWLR. The State stipulated that the defendant had not been represented in the prior DUI.

The trial court found the defendant guilty. After hearing argument regarding the proper classification of the offense, the trial court refused to consider the prior convictions to enhance the offense to a felony. The trial court then proceeded to a sentencing hearing. The parties agreed that a preplea report could serve as the presentence investigation report. The State offered no evidence in aggravation. The defendant testified in mitigation.

After the defendant testified, the trial court asked the State its

position. The prosecutor informed the court, "I think we will be taking this up on appeal. But I don't know. It is Mr. Baker's [defense counsel's] position we can't go ahead and sentence him." The defendant's attorney then stated that the defense would waive any procedural problems. Both parties then agreed to continue the matter for one week so that the State could determine how it wished to proceed.

On February 28, 1995, the State asked for a two-week continuance for sentencing. However, the trial court *sua sponte* reversed its prior ruling to treat the case as a misdemeanor. The trial court modified the order finding the defendant guilty to indicate that the offense was to be treated as a felony. The trial court then sentenced the defendant to 30 days in jail and 2 years' probation.

On March 7, 1995, the trial court denied the defendant's motion to reconsider the decision to treat the case as a felony. The defendant filed a timely notice of appeal.

■ The only issue the defendant raises on appeal is whether he was denied the effective assistance of counsel at trial because his attorney informed the court that, in the attorney's opinion, the State could not appeal the decision to treat the offense as a misdemeanor if the trial court sentenced the defendant. To establish a claim for ineffective assistance of counsel, the defendant must demonstrate both that (1) his attorney's conduct fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional conduct, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-94, 80 L. Ed. 2d 674, 693-98, 104 S. Ct. 2052, 2064-68 (1984).

■ The proper measure of an attorney's performance is not what is in the best interest of his client but what a reasonable attorney would do under the circumstances. What a reasonable attorney would do is guided by, among other things, the Rules of Professional Conduct. Rules 3.1, 3.3, and 3.4 require that an attorney act professionally even if it will not provide the optimum result for his client. 134 Ill. 2d Rs. 3.1, 3.3, 3.4. Further, an attorney is an officer of the court and is sworn to aid in the administration of justice and to act in good faith in all legal matters. *People v. Buckley*, 164 Ill. App. 3d 407, 413 (1987). As such, an attorney should not seek to secure from a court an order or judgment without a full and frank disclosure of all matters and facts which the court ought to know. *Buckley*, 164 Ill. App. 3d at 413.

■ After carefully reviewing the record before us and the standards that guide us, we cannot conclude that, in a discussion of law with the court, a reasonable attorney would have withheld or been

dishonest about his understanding of the legal consequences of sentencing the defendant. See *Buckley*, 164 Ill. App. 3d at 413. That the defendant was denied a windfall to which he was not legally entitled is a necessary consequence of his attorney's duty as an officer of the court. Accordingly, the defendant was not denied the effective assistance of counsel at trial.

For the foregoing reasons, we affirm the judgment of the circuit court of Du Page County.

Affirmed.

INGLIS and DOYLE, JJ., concur.