COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Benton and Overton
Argued at Norfolk, Virginia


PERNELL JEFFERSON

                                          OPINION BY
v        Record No. 2943-95-1    JUDGE NELSON T. OVERTON
                                       DECEMBER 31, 1996
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                Russell I. Townsend, Jr., Judge

        Randolph D. Stowe (Stowe & Stanton, P.C., on
        briefs), for appellant.

        Michael T. Judge, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.



        Pernell Jefferson entered a plea of guilty to burglary,

reserving the right to appeal on the grounds that his statutory

and constitutional speedy trial rights were violated.  We hold

that none of his rights were violated, and we affirm his

conviction.

                                I

        In May 1989, Jefferson, armed with a deadly weapon, broke

into the Chesapeake City house of Regina Butkowski and abducted

her.  At some later point, he shot and killed her.  In March

1991, he was tried and convicted in Amelia County on the charge

of capital murder.  He was sentenced to life imprisonment.

        In the January 1992 Criminal Term, Jefferson was indicted in

Chesapeake for (1) breaking and entering the dwelling of

Butkowski at night, while armed with a deadly weapon and with the

intent to commit abduction and (2) abduction.  Jefferson moved to dismiss the indictments, on the double jeopardy ground that he had already been convicted of Butkowski's murder.  On May 7, 1992, the judge dismissed the abduction indictment but refused to dismiss the burglary charge.  Jefferson appealed that ruling and a continuance order was prepared.  The form order was amended with additions and deletions and was entered on July 13, 1992 in the following final wording:

                          ORDER
          Upon motion of the defendant, it is
          hereby ORDERED that this case is continued
          from July 9, 1992 generally because defendant
          is appealing the court's ruling on his double
          jeopardy motion.

Under the caption "I ask for this:" was the signature of the defendant's attorney.  Below, under the caption "Seen" was the signature of the Commonwealth's attorney.

The Court of Appeals granted the petition on October 22, 1993, and transferred it to the Supreme Court on June 24, 1994. The Supreme Court ruled that interlocutory appeals of double jeopardy claims are prohibited and dismissed the appeal on May 9, 1995.

A trial was set for the burglary charge on October 30, 1995, then reset for December 7, 1995, because defense counsel was not available on October 30.  On October 27, 1995, Jefferson filed a motion to dismiss, alleging that his right to a speedy trial was violated.  His motion was denied, and he entered his conditional guilty plea.  His conviction and this appeal followed.

Jefferson was indicted in January 1992 and held continuously in custody thereafter. He therefore had the statutory right to be tried within five months from the time of the indictment. See Code § 19.2-243. The running of this time limit, however, may be tolled under certain circumstances enumerated in the statute, one of which is a continuance granted on the motion of the accused or his counsel. See Code § 19.2-243(4). "[T]o the extent that the defendant requested or concurred in any delay, that time will be excluded in determining whether the trial took place within the mandated time period." Shearer v. Commonwealth, 9 Va. App. 394, 400, 388 S.E.2d 828, 830 (1990).

In the case at bar, Jefferson, by counsel, moved for a continuance. Jefferson argues that the wording in the trial court's order, "because defendant is appealing the court's ruling on his double jeopardy motion," means that the continuance terminated on May 9, 1995, when the Supreme Court dismissed his appeal. Under this approach, the first trial date set on October 30 was beyond the five-month period allowed by statute.

We disagree with Jefferson's interpretation. First, the order clearly states "continued from July 9, 1992 generally." Although the wording of the order intimates that defense counsel and the prosecutor may have had an understanding as to the length of the continuance, that understanding was not memorialized in any firm way in the record and cannot be a basis for our

decision.  See Woodard v. Commonwealth, 214 Va. 495, 499, 201

S.E.2d 785, 788 (1974); Shearer, 9 Va. App. at 410, 388 S.E.2d at

836.  "A court speaks only through its order."  Cunningham v.

Smith, 205 Va. 205, 208, 135 S.E.2d 770, 773 (1964).

Secondly, the calculation of time asserted by Jefferson is

not sound.  The Commonwealth could not possibly conduct a trial

on the very day of the appeal's dismissal, but time would be

running against it.  Furthermore, although in retrospect the

appeal was final on May 9, the Commonwealth could not know at

that time whether Jefferson would seek a rehearing or petition

the Supreme Court of the United States for review.  See Rule 13,

Rules of the United States Supreme Court (allowing petitions for

writ of certiorari to be filed up to 90 days after the entry of

judgment by a state court of last resort).  The indefinite

continuance granted on the defendant's motion did not require the

Commonwealth to stay abreast of, much less predict, the progress

of Jefferson's appeal.  We therefore hold that the running of the

speedy trial statute did not resume automatically on the date

that the ruling on the appeal was announced.

When the defendant requests and is granted a continuance for

an indefinite period of time, the speedy trial period will not

recommence until the defendant announces to the Commonwealth that

he stands ready for trial.  See Stinnie v. Commonwealth, 22 Va.

App. 726, 730, 473 S.E.2d 83, 85 (1996) (en banc); accord People

v. Baker, 652 N.E.2d 858, 861 (Ill. App. Ct. 1995); State v.

Lopez, 872 P.2d 1131, 1134 (Wash. Ct. App. 1994).  "[W]here the accused affirmatively acts and invites the delay in the commencement of trial by such motion, there is no violation of his speedy trial right."  Stinnie, 22 Va. App. at 730, 473 S.E.2d at 85.

No action was taken in Jefferson's case until the Commonwealth's attorney and counsel for the defense discussed the case in late September to set a new trial date.  In early October, the Commonwealth offered October 30, the first available trial date.  Apparently the defendant never announced that he was ready for trial until the Commonwealth tried to set a trial date in late September and early October, and in fact did not even stand ready for trial on the first date set.  The Commonwealth, however, was ready to proceed on October 30, well within the remaining time under Code § 19.2-243.  Jefferson's statutory speedy trial rights were not violated.

### III

Neither did the Commonwealth infringe upon Jefferson's Sixth Amendment right to a speedy trial.  "The determination of whether an accused has been denied the constitutional right to a speedy trial requires 'a difficult and sensitive balancing process' in which the court examines on an ad hoc basis the conduct of both the state and the accused which led to a delay in prosecution." Kelley v. Commonwealth, 17 Va. App. 540, 544, 439 S.E.2d 616, 618 (1994) (quoting Barker v. Wingo, 407 U.S. 514, 530 (1972)).

Following the traditional four-part balancing test, we examine "(1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right [to a speedy trial]; and (4) prejudice to the defendant." Kelley, 17 Va. App. at 544, 439 S.E.2d at 618-19; see Holliday v. Commonwealth, 3 Va. App. 612, 616, 352 S.E.2d 362, 364 (1987). A consideration of all of the factors in light of the relevant circumstances clearly demonstrates that no violation of Jefferson's constitutional rights occurred in this case.

The length of the delay from Jefferson's indictment to his trial was just under four years, almost all of which being attributable to Jefferson's appeal of the trial court's ruling. A four-year delay for the felony of burglary, potentially punishable by life imprisonment, may be excessive. It does not, however, immediately shock us, especially given the facts here and past cases in which this factor played a significant role. See, e.g., Barker, 407 U.S. 514 (over four years for a misdemeanor); Shavin v. Commonwealth, 17 Va. App. 256, 437 S.E.2d 411 (1993) (over two years for a misdemeanor). "When the charge is for a misdemeanor or lesser offense, the length of delay that will be tolerated is less than that when the charge is for a more serious crime." Kelley, 17 Va. App. at 545, 439 S.E.2d at 619; see Barker, 407 U.S. at 531.

Secondly, most of the delay resulted from Jefferson's conduct. "[A]ny period of delay in bringing the defendant to

- 6 -

trial that is attributable to the defendant cannot be counted against the state in determining whether the delay was unreasonable." Kelley, 17 Va. App. at 545, 439 S.E.2d at 619; see Taylor v. Commonwealth, 12 Va. App. 425, 428, 404 S.E.2d 86, 87-88 (1991); Shearer, 9 Va. App. at 399, 388 S.E.2d at 830. Therefore, the relevant period for our determination runs, at the earliest, from May 9 to October 30, 1995, a period of little more than five months. As discussed above, the delay, if any, in setting a trial date over the summer resulted from the defendant's initial continuance to pursue his appeal. The record does not indicate that the Commonwealth was informed that the defendant had ended his appeal in the state courts nor that the defendant was forgoing any appeal in the federal court system. Even if we attributed the delay solely to the Commonwealth's lack of diligence in following the defendant's case, this reason for the delay weighs less than a deliberate or malicious motive on the part of the prosecutor. See Kelley, 17 Va. App. at 545, 439 S.E.2d at 619; see also Barker, 407 U.S. at 531. Furthermore, the record indicates that the Commonwealth did in fact make an effort to contact the defendant's attorney approximately three months after becoming aware of the Supreme Court order of May 9. Ultimately, the delay, if any, in setting this case for trial after May 9, 1995, does not weigh against the government.

The next factor, the assertion of the right to a speedy trial, also weighs against Jefferson. The fact that the

defendant asserted or failed to assert his right to a speedy trial is a consideration in determining whether his constitutional right to a speedy trial was violated.  The record in the instant case is devoid of any assertion by Jefferson that he requested a trial during the period after his appeal was dismissed.

Finally, Jefferson experienced no prejudice by the delay in question.  Three interests in particular are protected by the Sixth Amendment speedy trial right: "(1) preventing oppressive pretrial incarceration; (2) minimizing the accused's anxiety; and (3) limiting the possibility that the defense will be impaired."  Kelley, 17 Va. App. at 546, 439 S.E.2d at 620 (citing Barker, 407 U.S. at 532).  Jefferson was incarcerated the entire period on a previous sentence.  No claim was made that his anxiety was increased by this delay.  He pleaded guilty to the charge, and made no claim that his defense was impaired in any way.

Based upon consideration of the four factors specified in Barker, we cannot say that Jefferson's constitutional right to a speedy trial was violated.

For the reasons stated, the conviction is affirmed.

Affirmed.

Benton, J., dissenting.

Prior to the entry of the July 13, 1992 continuance order, three and one-half months of the five month statutory speedy trial limitation had expired. See Code § 19.2-243. The continuance that Pernell Jefferson received pursuant to the July 13, 1992 order ended on June 1, 1995, the date the Supreme Court's mandate dismissing the appeal was received in the trial court. The July 1992 order did no more than execute the statutory provision that "the time during the pendency of any appeal in any appellate court shall not be included as applying to the provisions of this section." Code § 19.2-243. That provision tolls the time while the pretrial appeal is pending. See Johnson v. Commonwealth, ___ Va. ___, ___, ___ S.E.2d ___, ___ (1996) (Lacy, J., and Keenan, J., concurring).

When the mandate was received in the trial court, the appeal ended. After the mandate had been returned to the trial court, the appeal could not be said to have "delayed the court in setting the case for trial." Robbs v. Commonwealth, ___ Va. ___, ___, ___ S.E.2d ___, ___ (1996). Moreover, "delay [that] is inherent in the orderly process of fixing a trial date . . . is necessarily included within or factored into the time limitations of . . . Code section [19.2-243]." Baity v. Commonwealth, 16 Va. App. 497, 507, 431 S.E.2d 891, 897 (1993) (en banc). Because Jefferson merely waited for a trial date to be set after the resolution of his appeal, and did not actively cause the

additional delay, the delay was factored into the five month period afforded the Commonwealth.

Thus, I would hold that the delay in the trial that occurred after June 1, 1995 was charged to the Commonwealth. Because the trial was not set to occur within the remaining one and one-half months, I would hold that the conviction must be vacated and that Jefferson is "forever discharged from prosecution." Code § 19.2-243.