COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Frank and Senior Judge Hodges
Argued by teleconference


WILLIAM R. BLAIR

MEMORANDUM OPINION* BY
v.    Record No. 2550-98-1        JUDGE WILLIAM H. HODGES
                                     MAY 30, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Wilford Taylor, Jr., Judge

Timothy G. Clancy (Moschel, Gallo & Clancy,
L.L.C., on brief), for appellant.

Leah A. Darron, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


William R. Blair, appellant, was convicted of first-degree murder.  On appeal, he argues that his statutory right to a speedy trial was violated.  We disagree with appellant and affirm the conviction.

FACTS

Appellant's preliminary hearing was held on January 13, 1997.  Appellant's trial was held on July 16, 1998, resulting in a 549-day delay.  The first trial date was set for March 20, 1997.  On March 4, 1997, appellant moved to undergo a

_____

* Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

psychological evaluation to determine whether he was competent to stand trial, and the trial court granted the motion.

On March 20, 1997, the trial court granted appellant's request for a continuance because the psychological evaluation had not been completed.  On May 15, 1997, the trial court received the first psychological evaluation, which indicated that appellant needed further evaluation.  On May 19, 1997, the trial court granted appellant's request for a continuance, and the matter was continued until June 6, 1997 to determine the status of the evaluation.

On June 6, 1997, the court granted appellant's motion to continue the case, and the matter was continued until July 28, 1997.  On July 28, 1997, the trial court ordered further psychological evaluation to determine appellant's competency to stand trial.  Also on this date, the court granted appellant's motion to continue, and the case was continued until September 5, 1997 to determine the status of the evaluation.  On September 5, 1997, on joint motion of the parties, the case was continued to October 9, 1997.  On October 9, 1997, the parties agreed to a continuance until November 19, 1997.

On November 18, 1997, the trial court received the second psychological evaluation, which indicated that appellant was incompetent to stand trial.  On November 19, 1997, the trial court granted the Commonwealth's request for a continuance to November 24, 1997, and appellant did not object to the

-

continuance.  At a hearing held on November 24, 1997, the trial court found appellant incompetent to stand trial and ordered hospital treatment in an effort to restore him to competency. The trial court also set April 6, 1998 as the date on which to check the status of the evaluation.  On January 9, 1998, the trial court entered the order for hospital treatment.

On January 13, 1998, the trial court received a psychological evaluation indicating that appellant had been restored to competency.  On April 6, 1998, the trial court set a trial date of July 16, 1998.  At the July 16, 1998 trial, appellant moved to dismiss on the ground that his right to a speedy trial had been violated.  See Code § 19.2-243.  The trial court denied the motion.

ANALYSIS

The provisions of Code § 19.2-243 relevant to this case require that appellant's trial commence within "152 and a fraction days" from the date of the preliminary hearing.  Moten v. Commonwealth, 7 Va. App. 438, 441, 374 S.E.2d 704, 706 (1988).

"Code § 19.2-243(4) makes clear that continuances requested or concurred in by a defendant are excepted from the time for computing compliance with bringing an accused to trial." Shearer v. Commonwealth, 9 Va. App. 394, 402, 388 S.E.2d 828, 832 (1990).

-

The parties agree that the time period between January 13, 1997, the date of the preliminary hearing, and March 4, 1997, the date the trial court entered the order for a psychological evaluation, resulted in a fifty-day delay and is chargeable to the Commonwealth. The parties agree that the time period between March 4, 1997 and January 13, 1998, the date the trial court received the psychological evaluation indicating that appellant was restored to competency, resulted in a 315-day delay and is chargeable to appellant.

Appellant argues that the delay involved from January 13, 1998 to April 6, 1998, the date the trial court set to check the status of appellant's competency evaluation, an eighty-three day delay, is not chargeable to appellant. Appellant also contends that the 101-day delay from April 6, 1998 to the date of the trial, July 16, 1998, is not chargeable to appellant.

At the hearing held on November 24, 1997, the trial court found appellant incompetent to stand trial. The record contains no written court order addressing the continuance of the case until April 6, 1998. However, the transcript from the November 24, 1997 hearing indicates that both appellant and the Commonwealth agreed to the April 6, 1998 date to determine the status of appellant's competency evaluation.

Initially, the Commonwealth suggested setting a date about six months from November, 1997 in order to determine the status of the evaluation. Appellant's counsel then represented to the

-

trial court, "So if we hear from them earlier, Your Honor, we will bring it back on the docket."  The trial judge said, "Right.  We need a date about six months away."  Appellant's counsel replied, "Yes, Your Honor."  The trial court suggested April 6, 1998, and appellant's counsel asked, "Is that at 9:00 a.m., Your Honor?"  The trial judge responded, "Nine o'clock."

Therefore, although on January 13, 1998 the trial court received the psychological evaluation indicating that appellant was restored to competency, because appellant concurred in setting the April 6, 1998 date to determine appellant's status, the eighty-three day time period from January 13, 1998 to April 6, 1998 is chargeable to appellant.

Furthermore, the cover letter dated January 12, 1998 and attached to the psychological evaluation indicates that a copy of the cover letter was mailed to appellant's counsel.  This letter recommended that appellant was competent to stand trial.  Appellant does not dispute that his counsel received this letter.  However, appellant did not bring the case "back on the docket" prior to April 6, 1998 as he indicated to the trial court he would do "if [they] hear[d] from [the evaluators] earlier."  Cf. Jefferson v. Commonwealth, 23 Va. App. 652, 657, 479 S.E.2d 80, 82 (1996) ("When the defendant requests and is granted a continuance for an indefinite period of time, the speedy trial period will not recommence until the defendant announces to the Commonwealth that he stands ready for trial.").

-

When the eighty-three day time period is added to the other 315-day delay chargeable to appellant, 398 days of delay are chargeable to appellant.  When this period of time is excluded from the total 549-day delay period, appellant's trial was commenced within 151 days of the preliminary hearing.[1]  Therefore, there was no speedy trial violation.  Accordingly, the trial court did not err in denying appellant's motion to dismiss on the statutory speedy trial ground.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>

---

[1] Because we find that the trial commenced within 151 days of the preliminary hearing, we need not address the remaining 101-day delay.

-