THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEPHEN P. GROUND, Defendant-Appellant.

Fourth District    No. 4—93—0390

Opinion filed February 14, 1994.

Gregory D. Fombelle and Norman J. Fombelle, both of Burger, Fombelle, Zachry & Rathbun, P.C., of Decatur, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Norbert J. Goetten, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In November 1991, the State charged defendant, Stephen P. Ground, by information with burglary (Ill. Rev. Stat. 1991, ch. 38, par. 19—1(a)). Later that month, defendant was indicted on the count of burglary and a count of theft of property having a value in excess of $300 (felony theft) (Ill. Rev. Stat. 1991, ch. 38, pars. 16—1(a)(1), (b)(4)). In January 1993, the trial court conducted a bench trial and found defendant not guilty of burglary but guilty of felony theft. In April 1993, the court sentenced defendant to probation and imposed various conditions thereof. Defendant appeals, raising as his sole ground for reversal the trial court's failure to grant his motion to dismiss based on his claim that he was not provided a speedy trial, as required by section 103—5(b) of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1991, ch. 38, par. 103—5(b)).

We disagree and affirm.

## I. BACKGROUND

We discuss the facts of this case only as they relate to defendant's speedy trial claim. On November 14, 1991—after the State charged defendant by information on November 10, 1991, but before he was indicted on November 26, 1991—defendant's counsel filed an entry of appearance, which reads in its entirety as follows:

*ENTRY OF APPEARANCE*

Now comes the Defendant, STEPHEN P. GROUND, by his Attorneys, BURGER, FOMBELLE, ZACHARY [sic] & RATHBUN, P.C., and enters the appearance of said Defendant and the appearance of said attorneys as counsel of choice herein. Defendant waives arraignment and enters a plea of not guilty to the charge of Burglary as charged in the Complaint filed herein.

Defendant having by these presents waived arraignment hereby requests immediate trial by jury.

Defendant further requests that the bond heretofore furnished

in this cause be and remain in full force and effect pending final disposition of this cause.

STEPHEN P. GROUND, Defendant,

BY: [Signature appears]

ONE OF HIS ATTORNEYS

In January 1993, defendant filed a motion to dismiss with prejudice on the ground that he was not provided a speedy trial as required by section 103—5(b) of the Code (Ill. Rev. Stat. 1991, ch. 38, par. 103—5(b)). Between November 1991, when the entry of appearance was filed, and January 1993, defendant was not brought to trial. In January 1993, the trial court conducted a hearing on defendant's motion to dismiss and denied it, explaining as follows:

"Section 103—5(b) provides that 'Every person on bail or recognizance shall be tried by the Court having jurisdiction within one hundred sixty days from the date the Defendant demands trial, unless the delay is occasioned by the Defendant.'

Now, in this Circuit we have an anti-sandbagging rule, which provides that any demand for a speedy trial made by a Defendant pursuant to the provisions of section *** 103—5 [of the Code] shall be in written form. 'The original of the written demand for speedy trial shall be filed at the time of the demand, with the Clerk, and made a part of the Court file, and a copy of such demand shall be served upon the State's Attorney with proof of service made a part of the Court file. No demand for a speedy trial shall be accepted by the court unless filed in accordance with this rule.'

Now, the purpose of this rule is so that the State's Attorney knows that there has been a demand made [for a speedy trial], and so that the State's Attorney cannot be sandbagged with a written demand for a speedy trial[. It] seems to me that the entry of appearance filed on November 14, 1991, is not a sufficient demand for a speedy trial to place the State's Attorney on notice that a trial is going to have to be provided within one hundred sixty days.

The second paragraph is the paragraph which appears to be the one that the defense is relying upon, and it says, 'Defendant having by these presents waived arraignment hereby requests immediate trial by Jury.' There is nothing that indicates that that is a demand with respect to Section 103—5 [of the Code]. It does not say that they demand a speedy trial. It says an immediate trial, and, besides that, it is [buried] within another document which doesn't clearly indicate that it is a demand for a speedy trial. *** [T]herefore, it is not in conformity with Circuit Court Rule 203, and is not in conformity with Section 103—5. So I am going to deny the *** request for dismissal pursuant to the speedy trial statute."

For the reasons that follow, we agree with the trial court and

find its reasoning sound. Further, we commend the Eleventh Judicial Circuit for the wisdom of its Rule 203, and we find no error in the trial court's reference to that rule.

## II. ANALYSIS

■ Although section 103—5(b) of the Code does not require any "magic words" to trigger its provisions, that section does require an affirmative statement in the record showing that defendant requests a speedy trial. (*People v. Holm* (1989), 188 Ill. App. 3d 908, 915, 544 N.E.2d 1237, 1242-43.) Further, this court in *Holm* held that the defendant's demand for a speedy trial must be clear and unequivocal. We now reaffirm that holding and clarify it as follows.

A defendant's demand for speedy trial under section 103—5(b) of the Code is an extremely significant act. Indeed, that motion constitutes the *only* action a defendant can take that might result in the State's inability to prosecute him, no matter how terrible the defendant's crimes nor how clear the evidence of his guilt. Given this significance, courts should not tolerate conduct by defendants that smacks of efforts to hide or bury their intent to invoke the speedy trial provisions of section 103—5(b) of the Code.

■ We agree with the State's contention that "defendant had not filed any motion or notice which specifically was identified as a demand for a speedy trial but had made an ambiguous remark within the context of a separate notice." We note that the entry of appearance in question—in which defendant claims to have asserted his right to a speedy trial under section 103—5(b) of the Code—contains no reference to that section. Under these circumstances, we agree with the following characterization from the State's brief:

"The trial court's requirement that a separate, specific speedy trial demand be made was reasonable. If a defendant is not required to make such a specific demand, it would be easy for the defendant to surprise the state's attorney and the court by burying the 'demand' within a voluminous discovery request or motion for other relief. The defendant should not be allowed to camouflage a speedy trial demand in this fashion but should instead be required to make a clear and specific demand. Defendant failed to do so in this case and is therefore not entitled to any relief."

Accordingly, we hold that a defendant's demand for a speedy trial under section 103—5(b) of the Code must be set forth *in the title or heading* of any pleading containing that demand. The title or heading must say that the defendant "demands a speedy trial"—a phrase which we recognize as a term of art. We further hold that the body of the pleading containing the purported speedy trial demand must make explicit reference to section 103—5(b) of the Code.

Clarifying our holding in *Holm*, we now hold that a defendant's demand for speedy trial is "clear and unequivocal" *only* when the foregoing requirements are met. Defendant here failed to meet either of them. Therefore, we hold that he failed to make an effective speedy trial demand within the meaning of section 103—5(b) of the Code.

We note that this court has previously addressed the subject of the title or heading of a pleading when that pleading raises high stakes. In *In re Marriage of Alltop* (1990), 203 Ill. App. 3d 606, 616, 561 N.E.2d 394, 401, this court held that "a pleading entitled 'petition for rule to show cause' is not sufficient to provide the due process to which an alleged criminal contemnor is entitled." Although the State does not possess a constitutional right to due process, it is nonetheless entitled to fair treatment. The fairness to which the State is entitled includes the right to be put on notice by a defendant of his clear, unequivocal demand for a speedy trial under section 103—5(b) of the Code. The significant stakes involved require no less. We explained our holding in *Alltop* as follows:

> "[T]o avoid the surprise and confusion shown by the record in this case, we hold that due process requires that before criminal sanctions may be imposed upon a respondent as a result of indirect criminal contempt proceedings, notice must be provided to the alleged contemnor that such sanctions are being sought and might be imposed. This requirement can be met by entitling the initial pleading, 'petition for adjudication of criminal contempt.' " (*Alltop*, 203 Ill. App. 3d at 616, 561 N.E.2d at 401.)

The same concerns that motivated our decision in *Alltop*—avoiding surprise and confusion—motivate our holding in the present case.

### III. CONCLUSION

For the reasons stated, we affirm the judgment of the circuit court.

Affirmed.

McCULLOUGH, P.J., and GREEN, J., concur.