THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ERICA L. ERICKSON, Defendant-Appellee.

Second District    No. 2—93—0883

Opinion filed August 30, 1994.

Michael P. Coghlan, State's Attorney, of Sycamore (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Jack C. Slingerland, of Gallagher, Klein & Brady, of Sycamore, for appellee.

JUSTICE QUETSCH delivered the opinion of the court:

The State appeals from the order of the circuit court dismissing the charges against defendant, Erica Erickson, for violating defendant's right to a speedy trial. We vacate and remand for further proceedings.

Defendant was charged by complaint with driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1989, ch. 95$^1$/$_2$, par. 11—501(a)(2) (now 625 ILCS 5/11—501(a)(2) (West 1992))). Subsequently, the State filed an information alleging two counts of DUI. Defendant was on bond throughout the proceedings.

Although the document does not appear in the record, defendant apparently moved to quash her arrest and suppress the evidence. Following an evidentiary hearing, the court denied the motion. Defendant then moved to dismiss the information on the basis that she had been compelled to testify in a civil proceeding brought by the injured bicyclist. The court declined to dismiss the charges, but instead it barred the State from using or referring to the information defendant gave in the civil proceeding. The State appealed, and this court affirmed the order. *People v. Erickson* (2d Dist. 1992), No. 2—90—1442 (unpublished order under Supreme Court Rule 23).

The State moved to reinstate the cause on the trial call 133 days after we issued our mandate. Defendant then moved to dismiss the information pursuant to section 103—5(b) of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 103—5(b) (now codified, as amended, at 725 ILCS 5/103—5(b) (West 1992))), alleging that more than 160 days of continuances were not attributable to defendant. The matter was set before a different judge than the one who ruled on the motion to quash the arrest and suppress the evidence.

The focus of the hearing was the time period from April 12

through July 18, 1990. According to defendant, with the 133-day delay in reinstating the case, the delays during the April through July 1990 time period added up to 242 days. April 12, 1990, was the date set for the hearing on defendant's motion to quash arrest and suppress evidence, and July 18, 1990, was when the court entered its written findings on that motion.

The prosecutor responded that the delay was attributable to defendant because she filed the motion to quash. The prosecutor admitted that he was not the assistant State's Attorney who was assigned to the case during 1990, and he did not know what happened, so he had to assume that the delay in issuing the ruling would not be attributable to defendant.

After reviewing the chronology of the events and the relevant case law, the trial court stated that the delay from May 16 to June 13 was reasonable to allow the court to consider the motion, but there was no stated reason for the trial court's failure to rule on June 13 or July 5. Although a defendant is responsible for reasonable delays in the hearing and ruling on a defense motion, the court found that here the delay from June 13 to July 11 was unreasonable and not attributable to the defense. When those 28 days are added to the 133 days, the total is 161, that is, over the speedy trial period. The court therefore granted defendant's motion for discharge.

The State moved to reconsider, and the court denied the motion. The State then timely appealed.

The State contends that the court erred in dismissing the charges on speedy trial grounds because the 160-day term had not yet run. According to the State, the entire time to process and rule on defendant's motion is attributable to defendant.

The defendant bears the burden of affirmatively establishing a violation of his right to a speedy trial, although, on review, the trial court's finding should be sustained unless its dismissal was an abuse of discretion. (*People v. Bowman* (1990), 138 Ill. 2d 131, 137.) Section 103—5(b) of the Code provides, in relevant part:

> "Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant ***."
> (Ill. Rev. Stat. 1989, ch. 38, par. 103—5(b) (now codified, as amended, at 725 ILCS 5/103—5(b) (West 1992)).)

If the speedy trial term has run, the defendant is entitled to have the charges dismissed. (*People v. Wiegand* (1989), 183 Ill. App. 3d 216, 220.) The running of the speedy trial period is tolled during the time of the delay occasioned by the defendant. Ill. Rev. Stat. 1989, ch. 38, par. 103—5(f) (now codified, as amended, at 725 ILCS 5/103—5(f) (West 1992)).

A delay is chargeable to the defendant when his act in fact causes or contributes to the delay. (*Bowman*, 138 Ill. 2d at 140.) Generally, the time associated with processing a defense motion, including the time necessary for the State to respond and for the court to hear and decide the issue, is chargeable to the defendant. (*People v. Lendabarker* (1991), 215 Ill. App. 3d 540, 553.) Only in exceptional circumstances will the delay in ruling on a defense motion not be attributed to the defendant. See *People v. Jones* (1984), 104 Ill. 2d 268, 278-79.

According to the record, at the hearing on February 14, 1990, defendant was to file her motion to suppress. On May 16, 1990, the court held a hearing on the motion to quash and also considered defendant's petition to rescind the summary suspension of her license. Defense counsel withdrew the petition to rescind, but he suggested that the parties submit memoranda in lieu of oral arguments on the motion to quash and to suppress statements. The court and the prosecution agreed. Defendant submitted her memorandum on May 31, and the State filed its response on June 6. Although the cause was continued from June 13 to July 5, there is no transcript from June 13, and the order merely states that the matter was continued for a decision on the defendant's motion and the State's motion for a directed finding. There also is no order or transcript from July 5. On July 11, the court denied the motion in a letter opinion.

From these facts, we conclude that defendant occasioned the delay in ruling on the motion. There is no authority to support the trial court's determination that the delay from May 16 through June 13 was a reasonable time for the court to make its findings, but not the time from June 13 to July 11. This is not such an extraordinary situation that the delay in ruling on the motion should not be attributable to defendant. Clearly, defendant's acts of filing the motion and of suggesting that the parties submit memoranda instead of oral arguments in fact contributed to the delay. We conclude that the court abused its discretion in finding that the entire time period was not attributable to defendant and its order dismissing the charges must be vacated.

Moreover, although the State has not raised the argument, in the interest of justice, we point out that defendant has not properly invoked her right to a speedy trial. The purported speedy trial demand was made in the appearance of defense counsel. At the bottom of the form titled "*APPEARANCE*," the following is typed in: "Defendant demands jury trial, enters a plea of not guilty and demands an immediate trial."

In *People v. Ground* (1994), 257 Ill. App. 3d 956, the appellate

court ruled that a purported speedy trial demand, made in an appearance form which stated that the defendant requested an "immediate" trial, was insufficient to invoke the defendant's right to a speedy trial. It held that "a defendant's demand for a speedy trial under section 103—5(b) of the Code must be set forth *in the title or heading* of any pleading containing that demand"; the title or heading must state that "the defendant 'demands a speedy trial' "; and the body of the pleading must cite to section 103—5(b) of the Code. (Emphasis in original.) (*Ground*, 257 Ill. App. 3d at 959.) Recently, our supreme court quoted from *Ground* with approval. *People v. Staten* (1994), 159 Ill. 2d 419, 422.

Because defendant's purported speedy trial demand was not in a document with the proper heading, did not state that she demanded "a speedy trial," and did not cite to the statutory section, under *Ground*, defendant failed to make an effective speedy trial demand within the meaning of section 103—5(b) of the Code. Consequently, on remand, the court cannot further consider defendant's motion to dismiss based on her claim that she was not provided a speedy trial pursuant to section 103—5(b) of the Code.

The order of the circuit court is vacated, and the cause is remanded for further proceedings.

Vacated and remanded.

COLWELL and PECCARELLI, JJ., concur.