THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KEVIN L. MEYER, Defendant-Appellant.

Fifth District No. 5—97—0079

Opinion filed March 13, 1998.

Carmen S. Durso, of Belleville, for appellant.

Robert Haida, State's Attorney, of Belleville (Norbert J. Goetten, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RARICK delivered the opinion of the court:

Defendant was convicted after a bench trial in St. Clair County of speeding and driving under the influence of alcohol. He was sentenced to 12 months' probation and 100 hours of community service and was ordered to pay $500 in fines and costs and to undergo alcohol evaluation. Defendant appeals, claiming that the court erred in denying his motion to dismiss for the failure to bring him to trial within 160 days of his purported demand for a speedy trial. We affirm.

On October 18, 1994, defendant was charged with driving under the influence of alcohol and speeding. Defendant posted a cash bond and was released the same day. On October 24, defendant's attorney filed a pleading entitled, "Entry of Appearance, Immediate Jury Demand and Plea of Not Guilty." On April 24, 1995, defendant filed a motion to dismiss, alleging that the State had violated the speedy trial provisions by failing to bring him to trial within 160 days of his demand for a speedy trial. The court denied defendant's motion on the basis that the body of the pleading filed on October 24 only stated defendant demanded a jury trial and that therefore it did not comply with the provisions of the state criminal code and local rule 7.04. Defendant contends that the court abused its discretion in finding that his pleading was insufficient to invoke the speedy trial provisions, and he argues that local rule 7.04 is inconsistent with the law and therefore unenforceable.

 █ Section 103—5 of the Code of Criminal Procedure of 1963 (725 ILCS 5/103—5 (West 1994)) implements the right to a speedy trial guaranteed by the Illinois Constitution. *People v. Reimolds*, 92 Ill. 2d 101, 106, 440 N.E.2d 872, 874 (1982). Under this section, it is

the duty of the State to bring a defendant to trial within the statutory period. 92 Ill. 2d at 106, 440 N.E.2d at 875. Section 103—5(a) is applicable to those who are in custody, and it provides a 120-day period within which trial must commence. The 120-day period begins to run automatically when the accused is taken into custody, and no demand for trial is necessary. Section 103—5(b), available to those who have been released on bail or recognizance, allows 160 days in which to commence trial. Under this provision, however, a demand for trial is required, and the period provided by the statute does not begin to run until the demand is made. *People v. Garrett*, 136 Ill. 2d 318, 324, 555 N.E.2d 353, 356 (1990); *People v. Baker*, 273 Ill. App. 3d 327, 329, 652 N.E.2d 858, 860 (1995). It is also well established that the speedy trial demand must be clear and unequivocal. *Baker*, 273 Ill. App. 3d at 329, 652 N.E.2d at 860; *People v. Ground*, 257 Ill. App. 3d 956, 959, 629 N.E.2d 783, 785 (1994). In order for the demand to qualify as clear and unequivocal, it must be set forth in the title or heading of any pleading containing the demand, it must state that the defendant "demands a speedy trial," and the body of the pleading must make explicit reference to the speedy trial statute. *People v. Dunskus*, 282 Ill. App. 3d 912, 917, 668 N.E.2d 1138, 1142 (1996); *Baker*, 273 Ill. App. 3d at 329, 652 N.E.2d at 860-61; *Ground*, 257 Ill. App. 3d at 959, 629 N.E.2d at 785; see also *People v. Staten*, 159 Ill. 2d 419, 422, 639 N.E.2d 550, 552 (1994); *People v. Erickson*, 266 Ill. App. 3d 273, 276-77, 639 N.E.2d 979, 982 (1994). As noted many times before, a defendant's demand for speedy trial is extremely significant for it is the sole means by which a defendant may preclude the State from prosecuting him, regardless of how reprehensible the crime may be or how overwhelming the evidence of guilt. *Staten*, 159 Ill. 2d at 422, 639 N.E.2d at 552-53; *Ground*, 257 Ill. App. 3d at 959, 629 N.E.2d at 785. The purpose of section 103—5(b) is to secure a defendant's speedy trial guarantee, not to provide the defendant with a tactical weapon against prosecution. *Dunskus*, 282 Ill. App. 3d at 918, 668 N.E.2d at 1142. Accordingly, a defendant who claims a violation of a speedy trial right cannot prevail if the demand for trial fails to comply with the terms of the governing speedy trial provision. *Staten*, 159 Ill. 2d at 429, 639 N.E.2d at 556. Defendant's purported speedy trial demand here failed to constitute an effective demand for a speedy trial. First, the demand was part of a multiple pleading which included the entry of appearance by defense counsel, the entry of a plea of not guilty, and the demand for a jury trial. Second, the heading of the pleading failed to state that defendant demanded a speedy trial. Third, the body of the document made no reference to section 103—5(b) and in fact did not even demand a speedy trial.

Defendant's pleading therefore cannot be said to constitute a clear and unequivocal speedy trial demand. See *Baker*, 273 Ill. App. 3d 327, 652 N.E.2d 858; *Erickson*, 266 Ill. App. 3d 273, 639 N.E.2d 979; *Ground*, 257 Ill. App. 3d 956, 629 N.E.2d 783. Because defendant failed to make a clear and unequivocal demand for a speedy trial under section 103—5(b), the 160-day period within which trial had to begin never commenced. The trial court, accordingly, properly denied defendant's motion to dismiss the charges against him for a statutory speedy trial violation.

■ While we need not address any of defendant's other contentions raised on appeal, we choose to answer defendant's claim that local rule 7.04 of the Rules of Practice for the Twentieth Judicial Circuit is inconsistent with the law for speedy trial demands and therefore is unenforceable. We first note that circuit courts have the inherent power to enact rules governing the practice and procedure of the business conducted before them. *People ex rel. Brazen v. Finley*, 119 Ill. 2d 485, 491, 519 N.E.2d 898, 901 (1988). They are, however, without the power to change substantive law or impose additional substantive burdens upon litigants. 119 Ill. 2d at 491, 519 N.E.2d at 901. Local rule 7.04 provides an expedient means for ensuring the proper functioning of the statutory speedy trial provision of section 103—5(b) and is less demanding than the law as established in *Ground*. It is therefore a proper exercise of the circuit court's powers to promulgate rules not inconsistent with the law. Rule 7.04 requires that any demand for a speedy trial be in writing, be filed with the clerk of the court, be served upon the State's Attorney, and contain a caption stating it is a "demand for immediate trial" or a "demand for immediate jury trial." This is no less than is required by *Ground*. Rule 7.04 does not even require a specific reference to section 103—5(b) as required by *Ground* and its progeny. The fact that rule 7.04 also requires the docket number of the cause to be on the pleading and the defendant or his attorney to have signed the pleading is no different than with any other case or pleadings. Such requirements are not overly burdensome and certainly cannot be viewed as changing substantive law. We therefore conclude that local rule 7.04 is a proper exercise of the circuit court's rule-making powers.

For the aforementioned reasons, we affirm the judgment of the circuit court of St. Clair County.

Affirmed.

WELCH, P.J., and MAAG, J., concur.