THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. SAMUEL HUFF, Defendant-Appellee.

Fourth District   No. 4—99—0052

Opinion filed December 16, 1999.

STEIGMANN, J., dissenting.

Vince Moreth, State's Attorney, of Carlinville (Norbert J. Goetten, Robert J. Biderman, and Denise M. Ambrose, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Ted E. Barylske, of Alton, for appellee.

PRESIDING JUSTICE COOK delivered the opinion of the court:

On September 15, 1996, defendant Samuel Huff was charged with failure to reduce speed to avoid an accident (625 ILCS 5/11—601(a) (West 1996)), failure to wear seat belt (625 ILCS 5/12—603.1 (West 1996)), and driving under the influence of alcohol (625 ILCS 5/11—501(a)(2) (West 1996)).

On October 15, 1996, defense counsel Ted E. Barylske filed the following pleading. The pleading was a preprinted form, with the name of the defendant, case numbers, and other information handwritten in. The pleading was signed by Barylske.

"ENTRY OF APPEARANCE, PLEA OF NOT GUILTY,
AND DEMAND FOR SPEEDY TRIAL

Comes now Ted E. Barylske, and enters his appearance as attorney of record for the [d]efendant herein and enters a plea of Not Guilty on behalf of said [d]efendant.

The [d]efendant, by his attorney, further demands a jury trial of the above styled cause within 120 days from the date he was taken into custody.

In the event that the [d]efendant was not taken into custody or posts a bond and is released from custody at any point after his arrest in the above styled cause, whether prior or subsequent to the filing of this [d]emand, he further demands a jury trial of the above styled cause within 160 days of the date of this [d]emand."

Jury trial was scheduled for February 19, 1997. On either February 13 or 19, 1997, defense counsel made an oral motion to continue the jury trial. The cases were continued to the "next jury," which had been previously scheduled for May 5, 1997. The cases did not go to trial on that date, and on July 14, 1997, defense counsel filed a motion to dismiss, alleging violation of defendant's right to a speedy trial and alleging that the circuit clerk set the cases for July 28, 1997, instead of May 5, 1997. That may have been done because the May calendar was full. The trial court granted the motion to dismiss.

On appeal, this court reversed and remanded for further proceedings, citing our previous decision in *People v. Ground*, 257 Ill. App. 3d 956, 629 N.E.2d 783 (1994). *People v. Huff*, No. 5—97—0562, slip order at 5—7 (June 3, 1998) (unpublished order under Supreme Court Rule 23). In *Ground*, we were faced with a situation where defendant's counsel filed a document entitled "ENTRY OF APPEARANCE," which contained the following paragraph: "Defendant having by these presents waived arraignment hereby requests immediate trial by jury." *Ground*, 257 Ill. App. 3d at 957, 629 N.E.2d at 784. We characterized the document as an attempt on the part of defendant to camouflage his speedy trial demand by burying it within another motion. We concluded that the demand for speedy trial was insufficient, and we laid down some rules. We held that a defendant's demand for speedy trial is sufficient only when two requirements are met: (1) the title or heading must say that the defendant "demands a speedy trial," and (2) the body of the pleading must make explicit reference to section 103—5(b) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS

5/103—5(b) (West 1996)). *Ground*, 257 Ill. App. 3d at 959-60, 629 N.E.2d at 785-86.

In our previous order in this case we recognized there was no evidence that defense counsel was attempting to mislead the trial court or the State with his demand. The title of the demand plainly stated it was a demand for a speedy trial. However, the body of the pleading included no citation to section 103—5 of the Code. We were also critical of the contingent request for trial within 120 days of the date that defendant was taken into custody, if he was in fact taken into custody. Although the demand caused no confusion, we refused to depart from the "rules" we laid down in *Ground*. "Making exceptions to these requirements based on the facts of a particular case would soon result in the eradication of the rule." *Huff*, slip order at 6-7.

On remand, defendant, through attorney Barylske, again moved to dismiss the charges, this time alleging that he had received ineffective assistance of counsel when Barylske failed to prepare a proper speedy trial demand. The trial court granted the motion and dismissed the charges. The State appeals, arguing that Barylske's allegedly ineffective assistance was not a proper basis for dismissal under section 114—1(a) of the Code (725 ILCS 5/114—1(a) (West 1998)), and the court erred in its conclusion that Barylske provided constitutionally ineffective assistance.

■ We first consider the extent to which we are bound by our previous Rule 23 order in this case. *Res judicata* and collateral estoppel do not apply here because we are dealing with the same case, not relitigation of the same or a similar cause of action in a subsequent proceeding. See *Heller Financial, Inc. v. Johns-Byrne Co.*, 264 Ill. App. 3d 681, 694, 637 N.E.2d 1085, 1094 (1994) (citing cases). Law of the case might apply here. However, the "law of the case" doctrine would not preclude reconsideration of an earlier judge's order if the facts before the court changed or error or injustice were manifest. *People v. Williams*, 138 Ill. 2d 377, 392, 563 N.E.2d 385, 391-92 (1990). Just as a trial court can reconsider its own orders at any time before it finally loses jurisdiction, this court can reconsider its orders. "Absent *** exceptional circumstances, the appellate court should decide all legal questions correctly without regard to earlier decisions by the court." A. Vestal, *Law of the Case: Single-Suit Preclusion*, 1967 Utah L. Rev. 1, 15 (1967). "[I]t would seem that if on second appeal we thought our earlier opinion was erroneous, we ought sensibly to set ourselves right, rather than to invite reversal above." *White v. Higgins*, 116 F.2d 312, 317 (1st Cir. 1940). Of course, the trial court did not dismiss the complaint here because our earlier order was wrong, but we may affirm the circuit court's decision on any ground supported by the rec-

ord. *People v. Brownlee*, 186 Ill. 2d 501, 511, 713 N.E.2d 556, 562 (1999).

■ Section 114—1(a) of the Code lists 11 grounds upon which a court may dismiss charges against a defendant, and ineffective assistance of counsel is not among them. See 725 ILCS 5/114—1(a) (West 1996). Nevertheless, trial courts may dismiss charges for reasons other than those listed in section 114—1(a) when failure to do so will effect a deprivation of due process or result in a miscarriage of justice. *People v. Fassler*, 153 Ill. 2d 49, 58, 605 N.E.2d 576, 580 (1992).

■■ To sustain a claim of ineffective assistance of counsel a showing must be made that (1) counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the sixth amendment and (2) defendant was prejudiced. *People v. Evans*, 186 Ill. 2d 83, 93, 708 N.E.2d 1158, 1163-64 (1999). An argument could be made that a denial of speedy trial can never amount to a serious error or a miscarriage of justice, that defendant can still receive a trial on the merits even when that trial is delayed. Nevertheless, the legislature has seen fit to require the State to try defendants who are not incarcerated within 160 days of their demand for trial. 725 ILCS 5/103—5(b) (West 1996). A defendant has a constitutional right "to a speedy and public trial." U.S. Const., amend. VI. We cannot agree that denial of defendant's statutory right to speedy trial is a matter of little moment. Assuming that counsel's drafting of the demand for speedy trial was so deficient that defendant lost his statutory right, defendant has a legitimate argument that his counsel was ineffective. It should not be difficult to draw a demand for speedy trial. The trial court acted within its discretion in determining that counsel's error here was a serious one and that defendant was prejudiced.

We are uncomfortable with our previous Rule 23 order in this case. Certainly a defendant should not be allowed to bury a speedy trial demand in a pleading, but that is not the case here. The facts of the particular case are important. Substantial compliance with section 103—5 is sufficient. *Ground* should be read as a legitimate response to a real problem, not as a trap for the unwary or a device by which State's Attorneys may ignore known speedy trial demands. *Ground* did not prohibit speedy trial demands with "contingent terms," such as the one employed here, which demanded trial within 120 days if defendant were in custody, and within 160 days if he were not. Such a demand makes sense, as it anticipates future events, for example where a defendant who had demanded trial within 160 days is subsequently incarcerated. In *Ground* we did not proscribe combined entries of appearance and demands for speedy trial, or a preprinted form, as was used here.

For the foregoing reasons, the judgment of the trial court, dismissing the complaint, is affirmed.

Affirmed.

MYERSCOUGH, J., concurs.

JUSTICE STEIGMANN, dissenting:

This case presents an astonishing situation. Defendant, before ever being tried, obtained the dismissal of the criminal charges against him because he purportedly received ineffective assistance of counsel, yet throughout these proceedings, including this appeal, defendant has continued to be represented by the same, allegedly ineffective, counsel. In this nation's entire legal history, I doubt there has ever been such a case. To support this astonishing result, the majority opinion speaks of "a miscarriage of justice." 308 Ill. App. 3d at 1050. I agree that a miscarriage of justice has occurred, but it is due to the trial court's dismissal that the majority opinion affirms. I respectfully dissent.

Another peculiar feature of this case is that the majority questions not only this court's earlier Rule 23 order, which reversed defendant's initial dismissal, but also (at least implicitly) this court's *Ground* decision upon which the earlier dismissal was based. And the majority does all of this not only *sua sponte*, but also in the teeth of overwhelming approval of *Ground* by every court that has discussed it. See, for instance, *People v. Staten*, 159 Ill. 2d 419, 422, 639 N.E.2d 550, 552-53 (1994), where the supreme court (without dissent) cited *Ground* in an approving, if not dispositive, fashion; *People v. Meyer*, 294 Ill. App. 3d 954, 956-57, 691 N.E.2d 1191, 1192-93 (1998); *People v. Baker*, 273 Ill. App. 3d 327, 329-30, 652 N.E.2d 858, 860-61 (1995); *People v. Erickson*, 266 Ill. App. 3d 273, 276-77, 639 N.E.2d 979, 982 (1994) (noting that recently "our supreme court quoted from *Ground* with approval," meaning the *Staten* decision); and, most interestingly, *People v. Milsap*, 261 Ill. App. 3d 827, 831-32, 635 N.E.2d 1043, 1046-47 (1994), where the author of the majority opinion in the instant case wrote on behalf of a unanimous court and cited *Ground* approvingly in rejecting a defendant's speedy trial demand as unclear and unequivocal.

The majority opinion concedes that (1) section 114—1(a) of the Code lists only 11 grounds upon which a court may dismiss charges against a defendant, and (2) ineffective assistance of counsel is not one of them. 725 ILCS 5/114—1(a) (West 1998). Citing *Fassler*, the majority states that trial courts may dismiss charges for reasons other than those listed in section 114—1(a) "when failure to do so will effect a deprivation of due process or result in a miscarriage of justice" (308

Ill. App. 3d at 1050), and the majority apparently concludes that this is such a case. However, this is not such a case, and the majority opinion is bereft of any analysis to show otherwise.

Although trial courts have limited authority to dismiss charges for reasons other than those listed in section 114—1(a) of the Code, that authority may " 'be exercised *only* when failure to do so will effect a deprivation of due process or result in a miscarriage of justice.' " (Emphasis added.) *Fassler*, 153 Ill. 2d at 58, 605 N.E.2d at 580, quoting *People v. Sears*, 49 Ill. 2d 14, 31, 273 N.E.2d 380, 389 (1971); see also *People v. Newberry*, 166 Ill. 2d 310, 313-14, 652 N.E.2d 288, 290 (1995) (following *Fassler*). Trial courts must exercise restraint in dismissing cases on due process grounds. *People v. Young*, 220 Ill. App. 3d 488, 492, 581 N.E.2d 241, 244 (1991). A defendant who seeks dismissal bears the burden of showing a clear violation of due process resulting in actual and substantial prejudice. *Young*, 220 Ill. App. 3d at 492, 581 N.E.2d at 244.

As the majority correctly states, to establish that defendant received ineffective assistance of counsel, he must show that (1) counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the sixth amendment to the United States Constitution, and (2) he was prejudiced. To satisfy the prejudice prong of this test, a defendant must show that counsel's conduct resulted in an unreliable trial or a fundamentally unfair proceeding; a mere showing that counsel's conduct affected the outcome is insufficient. *People v. Davison*, 292 Ill. App. 3d 981, 985, 686 N.E.2d 1231, 1233 (1997), citing *People v. Griffin*, 178 Ill. 2d 65, 73-74, 687 N.E.2d 820, 827 (1997).

These standards are intentionally difficult to satisfy, and defendant here has not come close to doing so. Defendant apparently believes that the charges would have been dismissed if only Barylske had properly drafted the speedy trial demand. Assuming defendant's belief to be correct, the question remains whether denying defendant that dismissal resulted in a miscarriage of justice or foreclosed the possibility of defendant's receiving a fair trial on the merits, as occurred, for example, in *Newberry*, 166 Ill. 2d at 314-15, 652 N.E.2d at 291 (wherein the State destroyed evidence, without which the defendant did not "have any realistic hope of exonerating himself"). The answer is clearly no.

This court's underlying concern in *Ground* was that, as a matter of fairness, the State should not suffer the ultimate sanction of having charges against a defendant dismissed when that defendant never clearly and unequivocally invoked section 103—5 of the Code, often referred to as the Speedy Trial Act (725 ILCS 5/103—5 (West 1998)).

However, the trial court's order now on appeal caused that same result under those same circumstances. It makes no sense for defendant to argue that such a result was the only way to avoid a "miscarriage of justice." *Fassler*, 153 Ill. 2d at 58, 605 N.E.2d at 580. Defendant does not claim that Barylske's actions somehow foreclosed the possibility of a fair trial, nor does the record before us provide any basis to so conclude. Accordingly, this court should hold that the sort of prejudice required to justify a trial court's dismissal of criminal charges for reasons other than those listed in section 114—1(a) of the Code simply does not exist in this case.

The State argues alternatively that the trial court erred by finding Barylske ineffective. Even though the majority apparently rejects this argument, I believe the record before us is insufficient to conclusively resolve this issue. The trial court adjudicated defendant's ineffective assistance of counsel claim without receiving any evidence in support of—or in opposition to—that claim. Instead, the court relied upon Barylske's oral representations regarding his conduct.

Normally, resolving whether a defendant received ineffective assistance of counsel requires the trial court to hear testimony from relevant witnesses, *including* defense counsel, regarding counsel's conduct and the reasons for it. *People v. Flores*, 231 Ill. App. 3d 813, 827-28, 596 N.E.2d 1204, 1213-14 (1992). Here, because the merits of defendant's claim depend at least partially on whether the State would have provided a trial in accordance with the time limit imposed by the Speedy Trial Act if defendant had properly demanded one, testimony from the prosecutor may have also been required to properly address defendant's ineffective assistance of counsel claim.

Claims of ineffective assistance of counsel are normally more appropriately addressed in a petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 1998)), where the trial court can conduct an evidentiary hearing and develop a complete record regarding the claim of ineffective assistance of counsel. See *People v. Holloman*, 304 Ill. App. 3d 177, 186-87, 709 N.E.2d 969, 975-76 (1999); *People v. Morris*, 229 Ill. App. 3d 144, 166, 593 N.E.2d 932, 947 (1992); *People v. Gilbert*, 224 Ill. App. 3d 624, 633, 586 N.E.2d 1308, 1314 (1992). This court should reverse the trial court's dismissal and remand for further proceedings, and if defendant were convicted after remand, he could pursue his ineffective assistance of counsel claim in a petition filed under the Act.