THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. PAUL W. DOCKERY, Defendant-Appellee.

Fifth District    No. 5—98—0645

Opinion filed May 17, 2000.

WELCH, J., dissenting.

Darrell Williamson, State's Attorney, of Chester (Norbert J. Goetten, Stephen E. Norris, and Kevin Sweeney, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Herbert J. Lantz, Jr., and M. Anne Hannigan, both of Belleville, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:
The circuit court of Randolph County dismissed charges against

Paul W. Dockery (defendant) for unlawful possession of drug paraphernalia, driving under the influence, illegal transportation of alcohol, and failure to reduce speed to avoid an accident, because the State failed to provide him with a speedy trial. The State appeals pursuant to section 114—1(a)(1) of the Code of Criminal Procedure of 1963 (the Code) (725 ILCS 5/114—1(a)(1) (West 1998)) and Supreme Court Rule 604(a)(1) (145 Ill. 2d R. 604(a)(1)). It asserts that the trial court erroneously found that defendant's demand for a speedy trial was sufficient. It seeks the reversal of the order dismissing the charges against defendant and a remand for further proceedings. We affirm.

## STANDARD OF REVIEW

The issue is whether, as a matter of law, the speedy trial demand made by defendant was sufficient. Given that neither the facts nor the credibility of witnesses is contested, the issue is one that the reviewing court may consider *de novo*. See *People v. McArthur*, 304 Ill. App. 3d 395, 397, 713 N.E.2d 93, 95 (1999).

## BACKGROUND

Defendant was involved in a rear-end collision with another vehicle in Randolph County on September 6, 1996. As a result of the investigation of the collision, defendant was ticketed for unlawful possession of drug paraphernalia, driving under the influence, illegal transportation of alcohol, and failure to reduce speed in order to avoid an accident. Defendant made bond and was given notice that he was to appear in court on September 19, 1996, but he failed to appear in court at that hearing or for one reset for October 17, 1996. Counsel filed an entry of appearance November 4, 1996. The caption and body of the filing read as follows:

"ENTRY OF APPEARANCE

Comes now Thomas M. Daley[ ] and respectfully enters his appearance on behalf of the defendant, Paul Dockery, for the above charge(s) and demands a trial by jury."

When defendant failed to appear at a hearing set for November 25, 1996, a warrant issued for his arrest, but the warrant was quashed on December 5, 1996. On July 15, 1997, defendant filed a letter discharging attorney Daley as counsel. His return address was given as "FPC Yankton, Box 700, Kingsbury 307, Yankton, South Dakota," which was indicative of defendant's incarceration in a federal prison.

On July 22, 1997, at a time when defendant was still in federal prison, substitute counsel filed an entry of appearance and a demand for a speedy trial. The caption and body of this filing read as follows:

"ENTRY OF APPEARANCE

Now comes Herbert J. Lantz, Jr., attorney at law, and hereby

enters his appearance as counsel of record for defendant, Paul Dockery, in the above styled causes.

## DEMAND FOR SPEEDY JURY TRIAL

Now comes the defendant, Paul Dockery, by and through his attorney, Herbert J. Lantz, Jr., and demands a speedy trial by jury in the above styled causes."

The cause was set for arraignment on August 28, 1998, and later reset for an arraignment date of September 2, 1998. Defendant, who was not in custody at that time, appeared with counsel on that date. No court reporter was present, but counsel argued an oral motion for dismissal of the charges on the basis of the violation of defendant's right to a speedy trial. The court granted the motion and dismissed the charges with prejudice.

The State's September 2, 1998, motion for reconsideration was denied without a hearing on September 14, 1998. The court found that although defendant made a demand for a speedy trial on July 22, 1997, and the State's Attorney was aware that defendant was discharged from federal custody in November 1997, it failed to place defendant's cases on the docket for a jury in a timely manner. The court ruled that defendant was therefore entitled to the dismissal of the charges. The State contends that attorney Lantz's combined entry of appearance and motion for speedy jury trial was insufficient to constitute a demand for a speedy trial.

## DISCUSSION

■ Section 103—5 of the Code (725 ILCS 5/103—5 (West 1998)) is a codification of the defendant's constitutional right to a speedy trial. See *People v. Reimolds*, 92 Ill. 2d 101, 106, 440 N.E.2d 872, 874 (1982). The principal purpose of the speedy trial clause is to protect accused parties from unnecessary delay on the part of the government in bringing them to trial. See *People v. Williams*, 299 Ill. App. 3d 143, 147, 700 N.E.2d 753, 756 (1998). If, as here, the defendant is not in custody because he has been released on bond or his own recognizance, the State has 160 days in which to begin trial (see 725 ILCS 5/103—5(b) (West 1998)). The statute requires that a demand for a speedy trial must be made and that the period in which trial must be commenced does not begin to run until that demand is made. See *People v. Garrett*, 136 Ill. 2d 318, 324, 555 N.E.2d 353, 356 (1990).

■ ■ This court has held that a demand for speedy trial (1) must be clear and unequivocal, (2) must be set forth in the title or heading of any pleading containing the demand, (3) must state that the defendant "demands a speedy trial," and (4) in the body of the pleading, must make explicit reference to the speedy trial statute. See *People v. Meyer*, 294 Ill. App. 3d 954, 956, 691 N.E.2d 1191, 1192 (1998).

"The purpose of *** section 103—5(b) is to secure a defendant's speedy trial guaranty, not to provide the defendant with a tactical weapon against prosecution. Because the demand for speedy trial is significant, 'courts should not tolerate conduct by defendants that smack [*sic*] of efforts to hide or bury their intent to invoke the speedy trial provisions of section 103—5(b) of the Code.' " *People v. Dunskus*, 282 Ill. App. 3d 912, 918, 668 N.E.2d 1138, 1142-43 (1996), quoting *People v. Ground*, 257 Ill. App. 3d 956, 959, 629 N.E.2d 783 (1994), cited by *People v. Staten*, 159 Ill. 2d 419, 422, 639 N.E.2d 550, 553 (1994).

■ Here, defendant's counsel filed a one-page document with two clear headings in bold type. One was the "ENTRY OF APPEARANCE" and the other was the "DEMAND FOR SPEEDY JURY TRIAL." We find that this document meets the first three criteria for a speedy trial demand, namely, it is clear and unequivocal, is set forth in a heading of the pleading, and states that defendant "demands a speedy trial." See *Meyer*, 294 Ill. App. 3d at 956, 691 N.E.2d at 1192. Therefore, the only element of a valid speedy trial demand that is missing here is the explicit reference to the speedy trial statute.

Admittedly, some cases have held that a speedy trial demand was inadequate for failing to specifically meet all four speedy-trial-demand criteria. Those cases are distinguishable from the one here, however, because in those cases, the alleged demand by defendant smacked of an effort to hide or bury the speedy trial demand by including it within another pleading or by using unclear language. See *People v. Dunskus*, 282 Ill. App. 3d 912, 918, 668 N.E.2d 1138, 1143 (1996) (pleading was captioned "APPEARANCE" and stated only, "The undersigned, as attorney, enters the appearance of defendant and demands trial"); *People v. Ground*, 257 Ill. App. 3d 956, 629 N.E.2d 783 (1994) (pleading was more than one page long, was titled "Entry of Appearance," and included one paragraph in the middle of the document saying that the defendant wanted an immediate trial); *People v. Milsap*, 261 Ill. App. 3d 827, 829, 635 N.E.2d 1043 (1994) (demand was filed in a sheaf of papers entitled "Demand for Final Disposition"); *People v. Erickson*, 266 Ill. App. 3d 273, 276, 639 N.E.2d 979 (1994) (demand was at the bottom of an "Appearance" pleading, which included a demand for jury trial, a plea of not guilty, and a demand for immediate trial).

Two fifth district cases have addressed the issue of the requirements for an effective demand for a speedy trial, but neither dealt specifically with the limited issue of the necessity to include a reference to the speedy trial statute, section 103—5 of the Code. In *People v. Meyer*, 294 Ill. App. 3d 954, 956-57, 691 N.E.2d 1191, 1193 (1998), the court mentioned the absence of a citation to the statute, but there

were other more serious failings in the demand: (1) neither the heading nor the body of the document clearly demanded a speedy trial and (2) the demand was a part of a multiple pleading. Therefore, *Meyer* is not particularly pertinent on this limited point.

The second fifth district case, *People v. Baker*, 273 Ill. App. 3d 327, 329-30, 652 N.E.2d 858, 861 (1995), is much closer to this case because the defendant's demand did set forth the words "speedy trial demand" in both the heading and the body of the pleading. More importantly, *Baker* based its holding on this issue on the defendant's failure to refer to the statute, citing *People v. Ground*, 257 Ill. App. 3d 956, 629 N.E.2d 783 (1994), in support of its holding. *Baker*, 273 Ill. App. 3d at 330, 652 N.E.2d at 861. The persuasive power of the *Baker* holding on this issue is reduced by the fact that *Baker* also held that, even if the speedy trial demand had been a sufficient one, the 160-day time limit had not expired. See *Baker*, 273 Ill. App. 3d at 331, 652 N.E.2d at 862.

Turning from the fifth district cases to the fourth district case of *People v. Ground*, 257 Ill. App. 3d 956, 959, 629 N.E.2d 783, 785 (1994), *Baker*'s source of authority, we find a case that is specifically based, at least partially, on the defendant's failure to include a citation to section 103—5(b). Even the *Ground* decision, however, does not base its holding entirely on the absence of the citation to section 103—5(b). *Ground* was also critical of the demand because it used the words "immediate trial by jury" instead of "demands a speedy trial," a phrase that *Ground* recognized as a term of art. *Ground*, 257 Ill. App. 3d at 958-59, 629 N.E.2d at 785. In addition, *Ground* emphasized the fact that the demand for a speedy trial must be set forth *in the title or heading* of any pleading containing the demand. *Ground*, 257 Ill. App. 3d at 959, 629 N.E.2d at 785.

Although we agree with *Ground* that the demand should be set forth in the heading and set forth clearly, as it was in this case, we do not agree that the absence of a citation to section 103—5(b), standing alone, invalidates an otherwise sufficient demand. We also note that the fourth district, the source of *Ground*, may have retreated slightly from its stringent requirements, in *People v. Huff*, 308 Ill. App. 3d 1046, 1048, 721 N.E.2d 1219, 1222 (1999). In that case, the court upheld the dismissal of the charges against the defendant, even though his demand for speedy trial lacked a reference to section 103—5(b). *Huff*, 308 Ill. App. 3d at 1050, 721 N.E.2d at 1222.

Since defendant's speedy trial demand failed only to specify the speedy trial statute but was in all other ways adequate to put the State on notice that he was invoking his right to a speedy trial, we affirm the trial court's order dismissing the charges against defendant

for the failure to bring defendant to trial within 160 days of the filing of his speedy trial demand.

Affirmed.

KUEHN, J., concurs.

JUSTICE WELCH, dissenting:

I see no justification for this court to depart from its holdings on this issue, the most recent of which, the *Meyer* decision, interpreted the demand for speedy trial in the light of both section 103—5 of the Code (725 ILCS 5/103—5 (West 1998)) and the Twentieth Judicial Circuit's local court rule 7.04 (20th Judicial Cir. Ct. R. 7.04 (eff. December 12, 1991)).

This court has consistently held that a demand for speedy trial (1) must be clear and unequivocal, (2) must be set forth in the title or heading of any pleading containing the demand, (3) must state that the defendant "demands a speedy trial," and (4) *must make explicit reference*, in the body of the pleading, to the speedy trial statute. See *People v. Meyer*, 294 Ill. App. 3d 954, 956, 691 N.E.2d 1191, 1192 (1998); *People v. Baker*, 273 Ill. App. 3d 327, 329, 652 N.E.2d 858, 860 (1995). Other districts of this court have taken a similar stance. See *People v. Dunskus*, 282 Ill. App. 3d 912, 668 N.E.2d 1138 (1st District 1996); *People v. Erickson*, 266 Ill. App. 3d 273, 639 N.E.2d 979 (2d District 1994); *People v. Ground*, 257 Ill. App. 3d 956, 629 N.E.2d 783 (4th District 1994). The necessity to meet the stringent requirements for a demand for a speedy trial under section 103—5(b) reflects the court's conviction regarding its purpose:

> "The purpose of \*\*\* section 103—5(b) is to secure a defendant's speedy trial guaranty, not to provide the defendant with a tactical weapon against prosecution. Because the demand for speedy trial is significant, 'courts should not tolerate conduct by defendants that smack [*sic*] of efforts to hide or bury their intent to invoke the speedy trial provisions of section 103—5(b) of the Code.' " *Dunskus*, 282 Ill. App. 3d at 918, 668 N.E.2d at 1142-43, quoting *People v. Ground*, 257 Ill. App. 3d 956, 959, 629 N.E.2d 783 (1994), cited by *People v. Staten*, 159 Ill. 2d 419, 422, 639 N.E.2d 550 (1994).

I note that, in *Staten*, our supreme court cited to *Ground* with approval. *Staten*, 159 Ill. 2d at 422, 639 N.E.2d at 552.

The majority's mild statement (313 Ill. App. 3d at 688) that the fourth district "may have retreated slightly from its stringent requirements" for speedy trial demands as set forth in *Ground*, in the recent case of *People v. Huff*, 308 Ill. App. 3d 1046, 721 N.E.2d 1219 (1999), is an understatement.

The *Huff* case involved a preprinted form filing that was captioned "ENTRY OF APPEARANCE, PLEA OF NOT GUILTY, AND DEMAND FOR SPEEDY TRIAL. In one paragraph, the pleading demanded a jury trial "within 120 days from the date he was taken into custody," and in another, it stated, "In the event that the [d]efendant was not taken into custody," he demanded a jury trial "within 160 days of the date of this [d]emand." *Huff*, 308 Ill. App. 3d at 1048, 721 N.E.2d at 1220. It failed to cite section 103—5(b) anywhere on the form. See *Huff*, 308 Ill. App. 3d at 1048-49, 721 N.E.2d at 1220-21. It was precisely the type of obfuscatory and confusing "demand" that this court has repeatedly found to be inadequate to commence the running of the time in which a defendant had to be brought to trial. The circuit court granted defendant Huff's motion to dismiss for lack of a speedy trial, and the fourth district reversed and remanded the cause in an unpublished order, finding that although there was no evidence that trial counsel had intended to mislead either the State or the court, the demand was insufficient because it failed to cite to the speedy trial statute.

The defendant was again represented by the same attorney on remand. He moved to dismiss the prosecution because trial counsel provided inadequate assistance by making an inadequate demand for a speedy trial, and the trial court granted the motion to dismiss. See *Huff*, 308 Ill. App. 3d at 1049, 721 N.E.2d at 1221. On review, the fourth district did an abrupt about-face and decided that the trial court properly dismissed the charges against the defendant despite the fact that attorney incompetence was not an enumerated ground for the dismissal of a prosecution under section 114—1(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/114—1(a) (West 1998)). *Huff*, 308 Ill. App. 3d at 1050, 721 N.E.2d at 1222. It stated that it was "uncomfortable" with its prior disposition of the case and chose not to apply the "law of the case" to the appeal. *Huff*, 308 Ill. App. 3d at 1049-50, 721 N.E.2d at 1221-22. Justice Steigmann filed a blistering dissent, stating that he doubted that there ever had been such a case as the one under consideration "[i]n this nation's entire legal history" and that the "miscarriage of justice" to which the majority referred was not the trial court's dismissal of the charges against defendant Huff but their affirmance of that dismissal. *Huff*, 308 Ill. App. 3d at 1051, 721 N.E.2d at 1222-23 (Steigmann, J., dissenting). Like Justice Steigmann, I find that the fourth district's decision in *Huff* is absolutely inexplicable and far more than a "slight retreat" from its decision in *Ground* that the majority in this case considers it to be.

I believe that the July 22, 1997, demand for speedy trial was inadequate to comply with this court's prior interpretations of the statute

governing speedy trial demands. It was a compound filing, both an entry of appearance and a demand for speedy trial, and defendant failed to explicitly refer to section 103—5(b). It was thus insufficient to constitute a clear and unequivocal speedy trial demand or to begin the running of the 160-day time period in which defendant had to be brought to trial. The grant of his motion to dismiss was improper and should be reversed for failure to comply with section 103—5(a).

Moreover, defendant, as in the *Meyer* case, was prosecuted in the Twentieth Judicial Circuit. Local rule 7.04 of the rules of practice for the Twentieth Judicial Circuit provides as follows:

> "All demands for speedy trials shall be in writing and captioned 'Demand for Immediate Trial'[ ] or 'Demand for Immediate Jury Trial[,]'[ ] shall include the cause number[,] and shall be signed by the defendant or the defendant's attorney. The demand shall be filed with the Circuit Clerk and served upon the State's Attorney." 20th Judicial Cir. Ct. R. 7.04 (eff. December 12, 1991).

In *Meyer*, this court found, "Local rule 7.04 provides an expedient means for ensuring the proper functioning of the statutory speedy trial provision of section 103—5(b) and is less demanding than the law as established in *Ground*. It is therefore a proper exercise of the circuit court's powers to promulgate rules not inconsistent with the law." *Meyer*, 294 Ill. App. 3d at 957, 691 N.E.2d at 1193.

Defendant's filing contained both a caption indicating an entry of appearance and a subcaption, which read "Demand for Speedy Jury Trial," rather than "demand for immediate trial" or "demand for immediate jury trial." It was thus inadequate under rule 7.04 of the Twentieth Judicial Circuit, as well as the Code, precluding the grant of a motion to dismiss on speedy trial grounds.

I believe that the dismissal of defendant's prosecution on speedy trial grounds should be reversed and that this cause should be remanded to the circuit court for further proceedings.