2022 IL App (1st) 181172-U

No. 1-18-1172

Order filed April 12, 2022

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 02 CR 5985 |
| | ) | |
| REGINALD MOORE, | ) | Honorable |
| | ) | Thomas J. Hennelly, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Defendant's appeal is dismissed for lack of appellate jurisdiction because the denial of a motion to dismiss charges is not a final and appealable order.

¶ 2    Defendant Reginald Moore appeals from the circuit court's denial of his "Motion to Dismiss with Prejudice All Criminal Complaints, Charges and Counts Filed Incident to a True Bill Presented on or about January 28, 2002 Against Defendant Moore." On appeal, defendant contends that where he "properly alleged violations of speedy trial rights," the circuit court erred in denying

his motion. Because the circuit court's denial of defendant's motion to dismiss charges is not a final and appealable order, this court lacks jurisdiction to entertain the matter and we dismiss the appeal.

¶ 3    The bulk of the procedural history of defendant's case prior to 2017 must be gleaned from the docket list, as the record on appeal is sparse. The docket list reflects that on March 11, 2002, defendant was charged by indictment with two counts of criminal sexual assault (720 ILCS 5/12-13(a)(4) (West 2002)) and two counts of aggravated criminal sexual abuse (720 ILCS 5/12-16(f) (West 2002)), and that on April 16, 2002, he was arraigned and released on bond. Docket entries further reveal that after multiple continuances and two demands for trial by defendant, the case was called before Judge Joseph M. Claps on August 18, 2005.

¶ 4    The transcript of proceedings for August 18, 2005, reflects that when the case was called, the State moved to nol-pros all counts. After defense counsel indicated that defendant had no objection, the trial court stated, "Defendant is discharged." The docket entry for that date indicates "*nolle prosequi*." No written order from that date is included in the record on appeal.

¶ 5    On October 12, 2017, defendant filed a petition to expunge and impound criminal records. On February 15, 2018, the parties appeared before Judge William G. Gamboney and defendant asked to stay the petition to expunge for 60 days. Defense counsel indicated that the State was objecting to expungement for "public policy reasons," and stated that "the underlying issues were never finalized. They were nolled [*sic*] but never finally disposed of." Counsel explained that he wanted to "resolve that underlying issue" before moving forward on the petition to expunge. The prosecutor represented that the "underlying case" was required to be heard by the original judge who discharged defendant. She indicated the State was in agreement with continuing the matter,

as the outcome of the "underlying case" would affect whether the State would continue to object to expungement. The court set a date of April 19, 2018.

¶ 6     On February 16, 2018, defendant filed the pleading at issue in this appeal, titled, "Motion to Dismiss with Prejudice All Criminal Complaints, Charges and Counts Filed Incident to a True Bill Presented on or about January 28, 2002 Against Defendant Moore." In the motion, defendant related that since the time the charges against him were nol-prossed in 2005, the State had presented no new facts, and it was only when he sought to have his record expunged that the State objected based on public policy. He argued that the State's objection to the expungement amounted to "fundamental unfairness" and violated his right to a speedy trial.[1] He also asserted that his case was "essentially still pending solely at the State's discretion to refile" and he "could be left in limbo for the rest of his life waiting on the State's open-ended inaction to subside."

¶ 7     Judge Thomas J. Hennelly commenced a hearing on defendant's motion to dismiss with prejudice on March 19, 2018. Defense counsel argued that although all the charges against defendant were nol-prossed in 2005, the case was "actually never dismissed" and had "been hanging in limbo." When the court observed that the criminal records showed the case was dismissed, counsel replied that the records showed the case was dismissed "via nolle pros [*sic*] decision." Counsel explained that this was a problem because whenever defendant applied for a job, his criminal record would show that the case was nol-prossed, and employers were not

---

[1] Under section 114-1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/114-1(a)(1) (West 2018)), a defendant may file a written motion to dismiss charges on a variety of grounds, including, as relevant here, that he has not been placed on trial in compliance with Illinois's speedy trial statute (725 ILCS 5/103-5 (West 2018)).

recognizing it as a dismissal. Counsel requested a written order indicating that the matter was "fully dismissed." At the State's request, the hearing was continued.

¶ 8 The hearing recommenced before Judge Gamboney on March 29, 2018. Defense counsel asserted that he was seeking an order or judgment of dismissal to show that the case was "fully dismissed" and "totally behind" defendant, since human resources personnel did not understand the meaning of a *nolle prosequi* in defendant's criminal history. Defense counsel explained that defendant's criminal history did not "have the language *** we were looking for," and requested an order in which the *nolle prosequi* was "more specifically defined." The court declined to enter such an order and continued the case so that Judge Hennelly could address the motion to dismiss with prejudice.

¶ 9 When the matter was called before Judge Hennelly on April 4, 2018, the court asked defense counsel to explain the motion to dismiss with prejudice. Counsel related that the original charges against defendant were "dismissed using the phrase *** 'nolle pros,' " [*sic*] causing the charges to show up on several employment background checks as "pending." As such, counsel requested to "clean up the record" with an order stating that the matter was dismissed completely. The court responded that there was nothing to "clean up," as the charges were nol-prossed, and stated, "If lay people don't understand what that means, then it's incumbent upon you to explain it." The State argued against defendant's motion, stating that defense counsel was asking the court to "take it a step further, to sign an order *** saying that the case was dismissed with prejudice to somehow define for any future employer of the defendant in words that they want or don't understand, for you to explain it to them."

¶ 10    The court stated that it would sign an order "that says nolle pros" [*sic*] so as to reflect the disposition "as Judge Claps entered it." The court then entered a written order stating that defendant's motion to dismiss with prejudice was denied and "the case was *nolle prosequi* by order of court to [*sic*] August 18, 2005." Defendant filed a timely notice of appeal.

¶ 11    On appeal, defendant contends that where he "properly alleged violations of speedy trial rights," the circuit court erred in denying his motion to dismiss with prejudice. He argues that the State failed to exercise due diligence in pursuing the timely prosecution of the charges against him "for an approximately 13-year period, from August 18, 2005, through and including April 4, 2018." In turn, he asserts it was clear error for the circuit court to refuse to dismiss "the still pending, unresolved indictment from 2002, some fifteen (15) years later." Defendant maintains that the court's refusal to grant his motion to dismiss with prejudice must be vacated and reversed as fundamentally unfair and as an unreasonable violation of the spirit and intent of speedy trial law.

¶ 12    The State responds that the circuit court's ruling was correct because no charges were pending against defendant at the time he filed his motion, and because speedy trial provisions do not apply to charges that have been nol-prossed.

¶ 13    Neither defendant nor the State has addressed the issue of jurisdiction. Nevertheless, as a reviewing court, we have an independent duty to consider our own jurisdiction (*People v. Smith*, 228 Ill. 2d 95, 104 (2008)), even if the parties fail to raise the issue and believe jurisdiction exists (*People v. Hill*, 2021 IL App (1st) 131973-B, ¶ 14).

¶ 14    In general, reviewing courts do not have jurisdiction to review judgments, orders, or decrees that are not final. Ill. Const. 1970, art. VI, § 6; *People v. Kotlarchik*, 2022 IL App (2d)

200358, ¶ 7. Here, defendant is seeking review of the trial court's denial of his "Motion to Dismiss with Prejudice All Criminal Complaints, Charges and Counts Filed Incident to a True Bill Presented on or about January 28, 2002 Against Defendant Moore." However, the denial of a motion to dismiss criminal charges is not a final order or judgment; rather, it is an interlocutory order from which an appeal may not be taken. *People v. Farmer*, 165 Ill. 2d 194, 199 (1995); *People v. Baptist*, 284 Ill. App. 3d 382, 388 (1996). As noted above, appellate courts do not have jurisdiction to review orders or judgments which are not final. *Baptist*, 284 Ill. App. 3d at 388. While some interlocutory orders are appealable as exceptions to this general rule under Illinois Supreme Court Rule 604 (eff. July 1, 2017), none of the exceptions enumerated in the Rule apply here. Because the order at issue in this case is not final and appealable, defendant's appeal must be dismissed. *Farmer*, 165 Ill. 2d at 199-200.

¶ 15    In coming to this conclusion, we are mindful that in the portion of his brief setting forth the standard of review, defendant asserts that the "denial of a motion to dismiss a criminal indictment alleging a violation of speedy trial rights *** is reviewed *de novo*," implying that such denials are appealable. However, the three appellate court cases defendant has cited for this proposition all involved appeals by the State from the granting of motions to dismiss charges (see *People v. King*, 366 Ill. App. 3d 552, 554 (2006); *People v. Dockery*, 313 Ill. App. 3d 684, 685 (2000); *People v. Freeman*, 155 Ill. App. 3d 469, 470 (1987)), and the Illinois Supreme Court case defendant has cited for this proposition involved an appeal from the denial of a motion to dismiss a criminal proceeding on grounds of double jeopardy (see *People v. Daniels*, 187 Ill. 2d 301, 307-08 (1999)). Such appeals are specifically allowed as enumerated exceptions under Illinois Supreme Court Rule 604(a)(1) and (f) (eff. July 1, 2017). As mentioned, those exceptions do not apply here.

¶ 16    For the reasons explained above, we dismiss defendant's appeal.

¶ 17    Dismissed.